## EDEN REALTY CO v QUEEN CITY PETROLEUM PRODUCTS CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 5050. Decided May 11th, 1938

Divers & Warm, Cincinnati, for appellee.
Cohen, Mack & Hurtig, Cincinnati, for appellants.

## OPINION

By HAMILTON, J.

This is a proceeding in aid of execution brought by the plaintiff under favor of §11772 GC. A jury was waived and the case was tried to the court.

The action was to recover $2,700, which plaintiff claimed had been wrongfully paid by the defendant company to its employees. Louis Levenson and John Stillpass, payments having been made after the service of notice under the section.

The cause was submitted on an agreed statement of facts, which is brought before this court in the bill of exceptions.

It appears on June 13, 1933, plaintiff, Eden Realty Company, recovered a judgment for $4,770 with interest and costs in the Court of Common Pleas of Hamilton county · against said Louis Levenson and John Stillpass, and others. An execution was issued against the property of Levenson and Stillpass, the judgment debtors, on June 16, 1933, and on the next day was returned unsatisfied by the sheriff of Hamilton county.

On July 3, 1933, the plaintiff company obtained an order in aid of execution, directing the Queen City Petroleum Products Company to appear before said court on July 15, 1933, to answer regarding its liability to the judgment debtors, Levenson and Stillpass. Pursuant thereto, it appeared in open court and answered that it, at the time of the service of the order upon it and at the time of its appearance, was not indebted to Levenson and Stillpass. Levenson and Stillpass each earned salaries of $900 per month, payable in two installments of $450 on the 15th and 30th of the month, and that the $450 installments of salary then due were paid to each of them between the time of service of the notice and July 15, 1933, the day of its appearance to answer.

At the time of defendant's appearance in court in answer to the notice, Levenson and Stillpass were indebted to the Company in the sum of $37,134.35.

At the hearing before Judge Morrow, in the court of common pleas, in response to the notice, the court entered an order dismissing the proceeding. The entry is to the effect that since Levenson and Stillpass were indebted to the Queen City Petroleum Company for a larger amount than was due them for salary, the salary could not be reached by this proceeding in aid of execution.

On August 1, 1933 and September 22, 1933, other notices were served and like answers were given, and the court made a like entry to that made at the preceding appearance.

No written demand was ever made upon Levenson and Stillpass for the payment of any amount of their earnings. They were married men, living with, and the chief support of. their families.

After the entry on the hearing of September 22, 1933, The Realty Company brought this plenary proceeding directed against the defendant company for the amount of the salaries paid between the date of the notice and the date of the hearing on the question. These sums make up the total amount claimed.

The trial court found in favor of the plaintiff, and made a deduction for exemptions under the law, and entered judgment in the sum of $1920 with interest.

Defendant, appellant stresses five points of error:

First: That there was no written demand made of the judgment debtors before instituting proceedings in aid. That the trial court erred in sustaining the motion to strike said defense from the answer to the petition and from the answer to the amended petition.

The sustaining of the motion to strike the defense from the answer that no written demand was made of the judgment debtors was proper. Were this action brought under favor of §10272 GC, it would have been a proper defense, and demand would be necessary, but no such condition is contained in §11772 GC, under which this action is brought. The sections are not in pari materia, and each stands alone. Sec 10272 GC, is a part of the Justice's Code and has no application to actions such as this.

Second: It is complained that the trial court held that the action of Judge Morrow in the court of common pleas in the

hearing in the proceedings in aid was not binding upon the parties therein.

This, in effect, pleads that the action of Judge Morrow finding that the judgment debtors were indebed to the defendant company for a sum in excess of their monthly salaries. the monthly salaries could not be reached, was res adjudicata of the question here.

The trial court was correct in holding that the defense of res adjudicata was not good in this action. The entry made by Judge Morrow was a nullity in so far as determining the question concerned in an action brought under favor of §11772 GC. The whole question as to whether or not at the time of the giving of the notice, the defendant had any property or money in its possession is tried de novo in the proceeding authorized by §11772 GC. The authority of the court at the hearing on the answer to the notice could only find that the answering garnishee had property in its possession, upon which it could issue an order to pay, or simply dismiss the proceeding. It had no authority to. determine the right of a set-off in this action.

In Freeman on Executions, 3rd Edition, §418, page 2231, it is stated:

"If the person cited to appear denies that he is indebted to the judgment debtor or asserts an adverse claim to property confessedly in his possession, but which is alleged to belong to such debtor, it is doubtful whether any judge or court can be authorized, in a summary proceeding, and without giving the person summoned the benefit of a trial by jury, to determine the issues thus presented, and, if found against the claimant, compel him to pay the debt or deliver the property for the purpose of satisfying the judgment."

The court could not proceed to consider the set-off and balance the claims to ascertain whether anything was due the judgment debtors.

It is admitted that the Company owed for salary to the judgment debtors, as stated in the agreed statement of facts, and that it paid the money after notice and prior to its appearance in court to answer the notice. Its only reason for doing this was that the judgment debtors owed it, the company, and it would therefore, have a set-off agaist the salaries due. Whether such a setoff can be raised, even in the case at bar, will be considered in a later assignment of error. The point is that the proceeding

under the section of the code in question is an independent plenary action to determine whether or not at the time of the service of the notice the company had any property, money, or credits in its hands. That the service of the notice creates a lien on such property or money, if such there was, is clear in the language of the statute, which provides: "From the time of its service, property, money, or credits in the hands, or under the control of the person or corporation so served, belonging to the judgment debtor, or due from him to such person or corporation, shall be bound, and he or it, as the case may be, thereby made liable to the judgment creditor, therefor."

The notice, in effect therefore, under the statute creates a lien on such property, money or credit in favor of the judgment creditor, and the statute makes the garnishee liable to the judgment creditor for all payments of money or deliveries of property to the judgment debtor after such notice has been served, and that is the issue in this plenary action.

The finding of Judge Morrow is, therefore, not res adjudicata in this action.

Third: In this specification of error appellant claims that there is no foundation or warrant in law for the independent action of the Eden Realty Company against The Queen City Petroleum Products Company. This raises the contention made that all actions to enforce payments by a garnishee to the judgment creditor require an order of the examining court upon which the proceedings must be based. This contention is answered in the case of **The Lyric Piano Co v Mess, Admx, 126 Oh St 224**. Such an action was recognized and given full effect. The first paragraph of the syllabus is:

"In a proceeding in aid of execution under §11772 GC, the judgment debtor's debtor becomes bound from the time of service of the court order."

Also in the case of **Good v Crist et, 23 Oh Ap 484, (5 Abs 178)** and companion cases, this court held that under §11772 GC, proceeding in aid of execution is effective to bind the lien on property from the time of service and an assignment of the property by the debtor is inoperative against the judgment creditor.

The plaintiff in this case, therefore, had the right to maintain this plenary action under the statute. The section being independent of all other sections of the Code.

Fourth: It is contended that since the facts disclose that the judgment debtors were indebted to the defendant company in a sum in excess of the salaries due at the time, that the salaries were not subject to garnishment; that the defendant company had the right to and could have applied the amount due for salaries to the indebtedness owing by the judgment debtors to the company. But it did not do so. In the payment of the salaries after notice and before answer, the Company in effect acknowledged its indebtedness to the judgment debtors and waived its right to apply the money as a set-off on its debt.

In our view of the case the law applicable is well stated in Burke v Congress Hotel Co, 280 Ill., Ap 493. The court states in the opinion:

"The garnishee argues that because Burke's indebtedness to it exceeded the amount due Burke on the date of the garnishee summons, it had the right under the statutes to set off the amount of the indebtedness from Burke against what it owed him without actually making the adjustment contemplated by the statutes; that the rights of the parties are to be determined as of that date; and that the subsequent payment of Burke's salary for July, during the pendency of the suit, is immaterial. This position is untenable, and is not sustained by the authorities. The statutory provision is intended to protect a garnishee against debts which may be due from the judgment debtor, but, in order to avail itself of the statutory provision, garnishee must make the adjustment when notified of the garnishment proceeding, and cannot, thereafter pay to the judgment debtor the amount admitted to be due him and still rely upon the statutory protection. Had the garnishee in the instant case retained or deducted the sum due Burke from the amount that Burke owed it when the garnishment summons were served, it could have availed itself of the statutory provision, but in paying Burke his salary after answer and during the pendency of the suit it admitted its debt to Burke and lost the right which the statute affords."

To the same effect is First National Bank v Standard Chemical Co, 147 So 682, (Ala.)

The rule is stated in 28 Corpus Juris, page 282, § 410, as follows:

"The garnishee has been held to have waived his right .o set-off by payment or the funds in his hands to defendant pending the garnishment proceedings."

As stated in Burke v Congress Hotel Co, supra; "To permit the rule to be otherwise would open the door to fraud and collusion and abuse a good rule of law, which was adopted for the protection of the garnishee, by permitting the garnishee to serve as a shield in the preferring of creditors of the judgment debtor."

The appellant undertakes to answer these cases and the rule announced, in citing from cases the rule that the plaintiff's rights against the garnishee cannot rise higher than those which, but for the garnishment, the defendant would have had. If we were to undertake to apply that rule, we would reach the conclusion that the rule could only be applied had the defendant company, garnishee, refused to pay the judgment debtors and had refused to respond to the judgment creditor for the property or money involved. Had the judgment creditor sought to enforce the claim against the garnishee, company, the garnishee, company, could have set off its claim against the effort to collect, and the plaintiff judgment creditor could not have succeeded in enforcing payment to it, had the garnishee refused to pay and insisted on applying the money or property·to the payment of its claim. We do not have that situation in this case. We have the situation of the garnishee, notwithstanding the lien created by the notice, waiving all claims and paying the money to the judgment debtors. Certainly, the judgment debtors could have no complaint against their employer because it voluntarily paid the money to them. Therefore, the cases cited by appellant are not in point.

Fifth: As a fifth assignment of error, the appellant urges that the trial court did not allow the appellant the proper amount of exemptions due the judgment debtors under the law. We have examined that question and find no error in the basis of his calculations as to the amount.

We find no error in the record and the judgment of the court of common pleas is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.