CITY OF MARION, APPELLEE, *v.* SICKLES, APPELLANT.*

*Appeal dismissed, 167 Ohio St., 543.

(No. 1069—Decided November 1, 1957.)

*Mr. F. Riley Hall,* for appellee.
*Miss Virginia Weiss,* for appellant.

GUERNSEY, J.   This is an appeal from an order of the Municipal Court of Marion, Ohio, overruling a motion to discharge an attachment in an action brought on an account alleged to be due and owing from defendant, appellant herein, in the amount of $520.20 for hospital services furnished to him at the Marion General Hospital.   The action on the account has not proceeded to judgment and is still pending.

The pleadings and the briefs disclose the following undisputed facts:

Plaintiff filed its petition on February 25, 1957, together with an affidavit for attachment.   Thereupon, summons and an order of attachment were issued to the bailiff of the Municipal

Court, and a true copy of each was served on the defendant on February 26, 1957. The return on the order of attachment executed by the bailiff, among other things not pertinent to the issues herein, states:

"On the 25th day of Feb., 1957, I went to the place where the defendant's property was found; and there at 2 o'clock p. m., of said day did declare that by virtue of the order, I attached the property at the suit of the plaintiff, City of Marion as in my hands subject to said prior attachment. Monies in hands and under the jurisdiction of Clara Fleck Clerk of Municipal Court $520.20 plus costs. I took the property in my custody, and held it subject to the order of the court. Said property was found in Clara Fleck, Clerk hands [*sic*] whose possession it was found."

No attachment bond was filed until March 1, 1957, at which time a bond in the amount of $1,205.90 was filed on behalf of plaintiff. The transcript of the docket and journal entries and the original pleadings filed in the action do not disclose a return or any other matter showing affirmatively or negatively whether a true copy of the affidavit of attachment was served on defendant. The only evidence introduced by either party on the motion for the discharge of the attachment in this case was the testimony of plaintiff's witness, Clara Fleck, clerk of the Municipal Court. In addition to testimony bearing on the facts hereinbefore stated, she testified that only one copy of the affidavit for attachment was filed. She was not asked and did not testify as to whether a true copy of the affidavit was served upon defendant.

It further appears mutually admitted by the parties that a similar action was filed by this plaintiff against this defendant on February 15, 1957, together with an affidavit for attachment and that after a hearing on a motion to discharge the attachment therein held on March 6, 1957, and following the motion of plaintiff to dismiss its action, the court sustained both motions and the action was dismissed. Although the transcript of the proceedings and the bill of exceptions in this earlier action were made available to us, the same have not been made a part of the record of this case and we may not consider any part thereof not mutually admitted by the parties.

Defendant assigns error in the lower court's overruling of his motion to dissolve the order of attachment, claiming:

1. The order of attachment was not valid because of failure to serve a copy of the affidavit per statute.

2. The order of attachment was not valid because of failure to furnish bond per statute.

3. The attachment of funds herein is illegal because the Municipal Court clerk had no right to the funds in the first attachment.

In our determination of these specifications of error we are governed by the rule of statutory construction and application in attachment proceedings stated by the Supreme Court in the first paragraph of the syllabus of the case of *Rice* v. *Wheeling Dollar Savings & Trust Co., Exr.,* 155 Ohio St., 391, 99 N. E. (2d), 301:

"Statutes relating to the attachment of property are remedial in nature and require both a liberal construction and a liberal application to the facts of a particular case."

See, also, *Weirick* v. *Mansfield Lumber Co.,* 96 Ohio St., 386, 117 N. E., 362, and *Hart* v. *Andrews,* 103 Ohio St., 218, 132 N. E., 846.

We are also mindful of the fact that this rule is sometimes stated that statutes relating to attachments are to be construed liberally for the benefit of the attaching party. *McDowell* v. *Hannefeld,* 87 Ohio App., 407, 95 N. E. (2d), 394; *Northwestern Yeast Co.* v. *Broutin,* 133 F. (2d), 628.

Section 1901.22 of the Revised Code, provides, among other things:

"* * * The procedure in a civil case in the Municipal Court shall be in accordance with the following provisions:

"* * *

"(B) In attachment and garnisment proceedings, a true copy of the affidavit shall be served with the summons and order of attachment or garnishment."

There is no similar provision for service of a copy of the affidavit elsewhere in the Revised Code, and such provision is peculiar to attachment proceedings in Municipal Court. Except as may be specially provided in the Municipal Court Act, the practice and procedure pertaining to attachment proceed-

ings therein is governed by Chapter 2715 of the Revised Code, prescribing the procedure for Courts of Common Pleas. (Sec Section 1901.21, Revised Code.)

Section 2715.03 of the Revised Code, among other things, provides:

"An order of attachment shall be made by the clerk of the court in which the action is brought, in any case mentioned in Section 2715.01 of the Revised Code, when there is filed in his office an affidavit of the plaintiff, his agent, or attorney, showing:

"* * *"

Section 2715.04, Revised Code, prescribes:

"When the ground of attachment is that the defendant is a foreign corporation, or not a resident of this state, the order of attachment may be issued without a bond. In all other cases the order shall not be issued by the clerk of the court in which the action is brought until a bond is executed in his office, by sufficient surety of the plaintiff, to be approved by the clerk, in a sum equal to double the amount of the plaintiff's claim, to the effect that he will pay the defendant all damages which he sustains by reason of the attachment if the order proves to have been wrongfully obtained."

Other than the commencement of the action by the filing of a petition and the issuance of summons the only condition precedent to the making by the clerk of an order of attachment is the filing in his office of an affidavit showing the matters set out in Section 2715.04 of the Revised Code. And after the order is made by the clerk the only other condition relating to the issuance thereof is the requirement, in certain cases, for bond as prescribed by Section 2715.04, which requirement we shall hereinafter discuss. There is no provision in the statutes of Ohio which makes the service of a true copy of the affidavit for attachment a condition precedent to the making, issuance, or execution of the order of attachment had at the commencement of an action in Municipal Court.

It is our opinion, therefore, that although the language of that part of Section 1901.22, Revised Code, prescribing the service of a true copy of the affidavit with the summons in attachment proceedings is mandatory in form the same is merely di-

rectory in legal effect and does not establish a condition precedent to the making, issuance and execution of a valid order of attachment at the commencement of an action in Municipal Court.

As to the failure of plaintiff to file an attachment bond before the order of attachment was issued, as prescribed by Section 2715.04 of the Revised Code, hereinbefore quoted, the Supreme Court of Ohio said in its opinion in the case of *O'Farrell* v. *Stockman*, 19 Ohio St., 296, involving almost the identical statute:

"The simple question, therefore, was, whether the attachment was absolutely void for want of an undertaking. The Common Pleas and District Courts held that it was not, and accordingly give judgment for Stockman. In this we see no error. *The undertaking is not essential to jurisdiction in attachment. It is designed exclusively for the benefit of the defendant. He may waive it, and the omission to file it is a mere irregularity, of which he alone can take advantage. The effect of the omission is to render the proceeding voidable, but not absolutely void.*" (Emphasis added.)

It is stated in the article, "Void," 92 Corpus Juris Secundum, at page 1023:

"The natural meaning of the word 'voidable' imports a valid act which may be avoided, rather than an invalid act which may be confirmed, and thus that which is voidable operates to accomplish the thing sought to be accomplished until the fatal vice in the transaction has been judicially ascertained and declared."

The statutes of Ohio permit an attachment defendant, before judgment and upon reasonable notice to the plaintiff, to move to discharge an attachment, and until such a motion is filed and there has been judicial determination thereof the attachment, unless absolutely void, is given full force and effect. It follows of necessity that an attachment which is merely voidable because of the failure of plaintiff to file an attachment bond is valid until judicially discharged. The attachment bond does not give the attachment its validity; it takes away its validity if not timely filed.

The Legislature has recognized by Section 2715.43 of the

Revised Code, that an attachment bond may be insufficient in amount, or may become insufficient in security by the removal of the surety from the state, and that before judgment, upon motion of the attachment defendant, the plaintiff may be required to give "sufficient security." It would appear that the supplying of a new bond would be the only method of giving "sufficient security" in the case of the removal of a surety from the state. The supplying of a new bond in such case to support an attachment theretofore secured by an uncollectible bond certainly does not differ in principle from the supplying of an original attachment bond after the attachment order has been executed but before the court has acted upon a motion to discharge the attachment.

The Supreme Court of Ohio in the *O'Farrell case, supra* (19 Ohio St., 296), and all other cases involving attachment bonds has consistently recognized the principle that attachment bonds are "designed exclusively for the benefit of the defendant," and are "not essential to jurisdiction." It would therefore appear, and it is our opinion, that if an attachment bond in proper form and amount and with sufficient surety to the satisfaction of the clerk were filed at any time before the court should act upon a motion to discharge an attachment, the attachment defendant would be fully and adequately secured, all the requirements of the law would be met, and the attachment would continue in full force and effect as a valid attachment.

As to defendant's third specification of error, suffice it to say that we have nothing before us to demonstrate the invalidity of the attachment arising out of the similar action filed on February 15, 1957. Indeed, it would appear that the motion to discharge was not heard until March 16, 1957, approximately three weeks after the attachment in the case before us was executed. The attachment in this case was executed at a time when the attachment in the former case, insofar as may be determined by the facts before us, was a valid subsisting attachment not discharged pursuant to judicial determination. On such state of facts, Section 2715.16 of the Revised Code, providing that "different attachments of the same property may be made by the same officer," gave the bailiff of the Marion

502

Municipal Court ample authority to attach the same property previously attached by him under an attachment which had not at that time been discharged by order of the court.

We find that the lower court did not err in its order overruling defendant's motion to discharge the order of attachment, and its judgment is hereby affirmed and this cause is remanded for further proceedings according to law.

*Judgment affirmed.*

MIDDLETON, P. J., and YOUNGER, J., concur.