WILLIAMS, PLAINTIFF-APPELLEE, *v.* DEWEY, DEFENDANT-APPELLANT.

Ohio Appeals, Fourth District, Pike County.

No. 220.   Decided June 8, 1961.

*Mr. Jesse Cole, Jr.*, for appellee.
*Mr. Tom Reed*, for appellant.

COLLIER, J.   This appeal on questions of law, as provided by Section 2715.46, Revised Code, is directed to the judgment of the Court of Common Pleas of Pike County, Ohio, overruling a motion to dissolve an order of attachment.

The action in the Common Pleas Court was for money only and is still pending in that court.  The Clerk of Courts, upon the filing of a bond as required by Section 2715.04, Revised Code, issued an order of attachment directed to the sheriff of Scioto County, Ohio, who, pursuant to said order, took into his possession a check in the sum of $538.86, payable to the defendant, Charles O. Dewey.

The defendant, the appellant herein, filed a motion to dissolve the order of attachment claiming that the bond was not properly executed, in compliance with Section 2715.04, Revised Code.  The cause was submitted to the court upon a stipulation of facts which, so far as pertinent, reads:

"Upon hearing of the defendant's motion to dismiss or dissolve the attachment issued herein, it is stipulated by counsel for the parties that the bond in support of the writ of attachment was signed by the plaintiff, Willard S. Williams in the State of Indiana, and was signed by his surety, Elizabeth Williams at her home in Idaho, Ohio, on the 28th day of March, 1961, before Jesse Cole, a Notary Public, as shown on the bond and filed by Jesse Cole in the Clerk's Office of this Court on the same day."

Section 2715.04, Revised Code, reads:

"Bond May be Required.  When the ground of attachment is that the defendant is a foreign corporation, or not a resident of the state, the order of attachment may be issued without a bond.  In all other cases the order shall not be issued by the clerk of the court in which the action is brought until a bond

is executed in his office, by sufficient surety of the plaintiff, to be approved by the clerk, in a sum equal to double the amount of the plaintiff's claim, to the effect that he will pay the defendant all damages which he may sustain by reason of the attachment if the order proves to have been wrongfully obtained."

The defendant-appellant claims that, under the provisions of this statute, it is mandatory that the surety on the bond must sign the bond in the clerk's office; that this provision of this statute was not complied with when Elizabeth Williams, the surety, signed the bond at her home. The statute provides, "The order shall not be issued by the clerk of the court in which the action is brought until a bond is *executed in his office.*" The terms, "signed" and "executed" are not synonymous. The word, "execute" is a broader term than the word, "sign." To sign means to affix a signature to or to write one's name. To "execute," in law, means to complete or to perform what is required to give validity to an instrument, as being signed, sealed, and delivered. Webster's new international dictionary, second edition, defines the word, "execute" as follows:

"To follow out or through to the end; to complete; effect; perform; finish; to complete, as a legal instrument; to perform what is required to give validity to, as by signing and perhaps sealing and delivering."

"Signing" is only a part of the execution of an instrument. When a bond is "executed" it is complete and nothing remains to be done. Under the statute the bond must be executed or completed in the clerk's office but there is no provision of the statute making it mandatory for the surety to appear in person and sign the bond in the clerk's office. When the bond in the instant case was filed in the clerk's office, the signatures thereon verified and the bond approved by the clerk, it was executed in the clerk's office and the validity of the bond was established in compliance with the statute. In the case of *City of Marion* v. *Sickles,* 105 Ohio App., 495, 152 N. E. (2d), 813, it was held:

"5. Where an attachment bond in proper form and amount and with sufficient surety to the satisfaction of the clerk of the Municipal Court *is filed* at any time before the court acts upon a motion to discharge the attachment, all the requirements of

the law are met and the attachment continues in full force and effect as a valid attachment." Emphasis added.

The judgment of the Common Pleas Court in overruling the motion to dissolve the attachment was correct and, therefore, the judgment must be and hereby is affirmed.

Judgment affirmed.

RADCLIFF, P. J., and BROWN, J., concur.