STERLING FINANCE CO. *v.* THORNHILL.

[Cite as Sterling Finance Co. v. Thornhill (1971),
27 Ohio Misc. 109.]

(No. 77134—Decided March 22, 1971.)

Hamilton County Municipal Court.

*Mr. Lee B. Kasson,* for plaintiff.
*Messrs. Taft, Stettinius & Hollister* and *Mr. Thorley Mills,* for garnishee, General Electrict Company.

LUEBBERS, J. This was a proceeding in aid of execution and the facts are undisputed. Plaintiff obtained judgment against the defendant on June 1, 1970, in the sum of $240.26 and thereafter on December 18, 1970, filed its order and notice of garnishment naming the General Electric Company as garnishee and alleging a total amount due on the judgment of $54.73. The order was served upon the garnishee on December 30, 1970. In the 30 days preceding the service of the order the defendant had earned disposable earnings of $681.69 and there was due him on the date

of service $125.28 disposable earnings (plus an additional $115.09 for work already completed but not payable until the following week). From the time of service of the notice until the hearing date of the proceeding on January 19, 1971, the defendant had disposable earnings of $479.72. The garnishee held the sum of $31.32 being 25% of the disposable earnings due and payable to the defendant at the time of the order's service upon it, and this court must determine whether this is the correct amount which the garnishee should have held in accordance with the law.

In cases where the original amount sought is less than $500.00 county court rules governing proceedings in aid of execution must be applied, since under R. C. 2305.01 the Common Pleas Court only has original jurisdiction in civil cases where the sum or matter in dispute exceeds the original jurisdiction of county courts—which, under R. C. 1909.05, is up to $500.00. Obviously, since the Common Pleas Court would have no jurisdiction to hear a case where less than $500.00 is originally sought, that court can have no rules governing such cases and the rules of county courts must apply. See R. C. 1901.21 (A).

Rules governing proceedings in aid of execution after judgment in county courts are contained in R. C. 1917.37 through 1917.44 entitled "Third Persons Liable to Judgment Debtor." Under these sections, especially R. C. 1917.-37 ("money, whether then due or not"), R. C. 1917.38 ("from the time of its service * * * whether then due or not"), R. C. 1917.39 ("concerning the money for which he *is* liable") and R. C. 1917.40 ("If it is shown that the money is not yet due, the order shall be for its payment at the time when it becomes due * * *") the garnishment process remains in effect from the time of the service of the notice upon the garnishee until the hearing thereon in court. See also *Eden Realty Co.* v. *Queen City Petroleum Products Co.*, 27 Ohio Law Abs. 172.

Garnishee contends that R. C. Chapter 1911 also applies to proceedings in aid of execution, but this is not correct, with the exception of R. C. 1911.40 which specifically refers to proceedings in aid of execution. R. C. 1911.-

21 through 1911.64 are entitled "Attachment" and none of the sections refer to judgment debtors or judgment debtors—as all sections contained in R. C. 1917.37 *et seq.* do. The sections in R. C. Chapter 1911 must apply to attachments *before* judgments by their titles and wording.

Under R. C. 2329.62 or 2329.66 the attaching judgment creditor is entitled to 17½% of the disposable earnings of the judgment debtor for the 30 days preceding the service of the proceeding in aid of execution upon the garnishee. Since the defendant's disposable earnings for the 30 days prior to the service of the order totaled $681.69, plaintiff's order under Ohio law would be for $119.29 if there were that much still due on the judgment.

Under the federal exemption statute found at Title 15, Section 1673, U. S. Code, 75% of the debtor's disposable earnings are exempt from attachment for any week that is subject to garnishment. In our present case, there was due the defendant at the time of service of the notice upon the garnishee $240.37 ($115.09 of which was not payable until the following week, but it was *due* nonetheless) and from that time, including this amount, until the date of the hearing in court disposable earnings of $479.72. If only the federal exemption were allowed to the defendant, plaintiff would be entitled to $119.93 if that amount were still due on the judgment. Since the total amount due the plaintiff is only $54.73, plus a later subpoena cost of $2.32, making a total of $58.45, and since this amount is far less than either Ohio or federal law would allow the plaintiff to recover, the garnishee, the General Electric Company, is hereby ordered to pay into court the sum of $58.45 to be applied to the judgment and costs in this case.