[Cite as *HRM, L.L.C. v. Shopsmith, Inc.*, 2013-Ohio-3276.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

HRM, LLC, dba EXTENDED STAY HOTELS

       Plaintiff-Appellee

v.

SHOPSMITH, INC.

       Defendant-Appellant


Appellate Case No.    25374

Trial Court Case No.   2010-CVF-179

(Civil Appeal from
 Municipal Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 26th day of July, 2013.

. . . . . . . . . . .

JAMES Y. OH, Atty. Reg. No. 0070325, 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114-2581, STEVEN E. ALSIP, Atty. Reg. No. 83565, 700 Walnut Street, Suite 300, Cincinnati, Ohio 45202
     Attorneys for Plaintiff-Appellee

JOHN R. FOLKERTH, JR., Atty. Reg. No. 16366, 109 North Main Street, 500 Performance Place, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Appellant, Robert Folkerth, in his capacity as a former corporate officer of Shopsmith, Inc., appeals from the trial court's Order and Entry requiring him to attend and bring financial documents to a debtor examination.  Folkerth contends that the trial court lacks personal jurisdiction over him because he was not a party to the underlying lawsuit against Shopsmith, Inc.  However, Folkerth concedes that, pursuant to R.C. 2333.17 and Civ.R. 69, the trial court has jurisdiction to order him to attend a debtor examination.

{¶ 2}    Folkerth also contends that the trial court exceeded its jurisdiction when it ordered him to bring documentation to a debtor examination without a subpoena.  Folkerth did not present his second argument to the trial court, but he claims that it is still subject to appellate review under the plain-error doctrine.

{¶ 3}    We conclude that, pursuant to R.C. 2333.17 and Civ.R. 69, the trial court had jurisdiction over Folkerth.  We also conclude that Folkerth waived his second argument regarding the trial court's ability to order him to bring documentation to a debtor examination without the court having issued a subpoena, because Folkerth failed to present the argument to the trial court.  We further conclude that the plain-error doctrine does not apply to permit appellate review of Folkerth's waived argument, because the plain-error doctrine is not favored in civil cases, and the trial court's order did not create a manifest miscarriage of justice. Accordingly, the decision of the trial court will be affirmed.


## I.   Facts and Course of Proceedings

{¶ 4}    On January 29, 2010, HRM, LLC d/b/a Extended Stay Hotels, ("Extended Stay")

filed a Complaint in the Vandalia Municipal Court against Shopsmith, Inc., ("Shopsmith") for an overdue account balance of $6,339.10, plus interest. Service of the Complaint was perfected on February 1, 2010, and Shopsmith failed to file an Answer. On October 19, 2010, Extended Stay obtained a default judgment against Shopsmith and attempted post-judgment collection.

{¶ 5}   On July 31, 2012, Extended Stay filed a Motion for Debtor Examination of Robert Folkerth, who was the president of Shopsmith until the corporation dissolved in December 2009. The motion instructed Folkerth to bring W-2's, 1099s, a pay stub, bank statements, and any other documentation concerning his income to the debtor examination. The trial court granted the motion and ordered Folkerth to appear at court on September 11, 2012, for the debtor examination. Folkerth was personally served notice of the proceeding by the court bailiff on August 6, 2012.

{¶ 6}   On August 21, 2012, Folkerth filed a Motion to Vacate Judgment Order in Aid of Execution on grounds that the trial court lacked personal jurisdiction because he was not a party in the lawsuit against Shopsmith. On September 10, 2012, the trial court overruled Folkerth's motion and ordered him to appear at the debtor examination with the requested financial documentation. Folkerth did not appear at the debtor examination, and he did not produce the requested documentation. Instead, Folkerth appealed the trial court's order.

## II.   Did the Trial Court Err in Ordering the Appellant to Attend and Bring Documents to a Debtor Examination?

{¶ 7}   Folkerth states the following as his sole assignment of error:

The Municipal Court Erred by Issuing an Order for Robert Folkerth to

Appear for a Debtor's Examination and Bring Documents, as the Municipal Court

Lacks Personal Jurisdiction Over Mr. Folkerth.

{¶ 8} Under this assignment of error, Folkerth argues that: (1) the trial court lacked personal jurisdiction over him because he was not a party to the underlying lawsuit against Shopsmith; and (2) the trial court exceeded its jurisdiction when it ordered him to bring financial documentation to a debtor examination without the court having issued a subpoena.

{¶ 9} With respect to Folkerth's first argument regarding personal jurisdiction, Folkerth conceded in his brief that R.C. 2333.17 empowers the trial court to order his appearance at the debtor examination. R.C. 2333.17 provides that in a proceeding in aid of execution, such as a debtor examination, "a party *or witness* may be compelled, by an order of the judge or by a subpoena, to attend, before a judge or referee, to testify." (Emphasis added.) Additionally, Civ.R. 69 provides that "[i]n aid of the judgment or execution, the judgment creditor * * * may * * * obtain discovery from *any person* * * *." (Emphasis added.) Other districts have exercised jurisdiction over non-parties for purposes of obtaining testimony or other materials to aid in the execution of a judgment. *See Gordon Constr. v. Peterbilt of Cincinnati*, Inc., 12th Dist. Clermont No. CA2004-03-018, 2004-Ohio-6662, ¶ 8; *Carter-Jones Lumber Co. v. Jewell*, 3d Dist. Van Wert No. 15-08-05, 2008-Ohio-4782, ¶ 13; *Schluter v. PSL Motors, Inc.*, 5th Dist. Richland No. 99 CA 67, 2000 WL 964965, *2 (June 29, 2000). Accordingly, the fact that Folkerth was not a party to the underlying lawsuit against Shopsmith does not prevent the trial court from ordering him to appear at a debtor examination.

{¶ 10} Folkerth's second argument claims that the trial court exceeded its jurisdiction when it ordered him to bring financial documentation to the debtor examination. Folkerth

contends that he could only be compelled to bring documentation to the debtor examination upon the issuance of a subpoena pursuant to Civ.R. 34(C) and Civ.R. 45.

{¶ 11}  Folkerth did not assert his second argument at the trial court level.  Folkerth only argued that the trial court did not have personal jurisdiction over him because he was not a party to the underlying lawsuit against Shopsmith.  As a result, the trial court was not given the opportunity to consider whether it exceeded its jurisdiction by compelling Folkerth to produce documents without a subpoena.

{¶ 12}  " 'Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.' "  *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81, 679 N.E.2d 706 (1997), quoting *Goldberg v. Industrial Commission of Ohio*, 131 Ohio St. 399, 404, 3 N.E.2d 364 (1936). (Other citations omitted.)  "Nor do appellate courts have to consider an error which the complaining party 'could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' "  *Id.*, quoting *State v. Williams*, 51 Ohio St.2d 112, 117, 364 N.E.2d 1364 (1977).

{¶ 13}  In this case, Folkerth concedes that he failed to present his second argument to the trial court.  Furthermore, Folkerth could have brought the subpoena issue to the trial court's attention in his Motion to Vacate Judgment Order in Aid of Execution.  Regardless, Folkerth claims that his argument is still reviewable on appeal because the trial court's order amounts to plain error.

{¶ 14}  "A plain error is an obvious error which is prejudicial to the accused and which, if allowed to stand, would have a substantial adverse impact on the integrity of and the

confidence in judicial proceedings." *State v. Allen*, 2d Dist. Greene No. 95-CA-38, 1996 WL 86231, *4 (Mar. 1, 1996), citing *State v. Craft*, 52 Ohio App.2d 1, 367 N.E.2d 1221 (1st Dist. 1977). The plain-error doctrine "allows recognition of some few errors even when not objected to at the trial level," and "is applicable to civil cases where necessary to prevent a manifest miscarriage of justice." *Gregg v. Phillips*, 2d Dist. Montgomery No. CA14441, 1995 WL 140718, *3 (Mar. 29, 1995), citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 480 N.E.2d 802 (1985). However, it is well established that:

> The plain-error doctrine is not favored in appeals of civil cases, "and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997–Ohio–401. *Stewart v. Nazir*, 2d Dist. Montgomery No. 23806, 2010–Ohio–6346, ¶ 26.

**{¶ 15}** In this case, the trial court's order for Folkerth to bring documentation with him to a debtor examination without the court having issued a subpoena does not create a manifest miscarriage of justice, as it does not seriously affect the basic fairness, integrity, or public reputation of the judicial process. As previously discussed, R.C. 2333.17 permits a party to be compelled by an order of the court to attend a debtor examination. While the statute does not directly mention the court's ability to compel a judgment debtor to bring documentation to the debtor examination, the statute may be construed to include this authority because:

> statutes pertaining to attachment and execution are remedial in nature and,

therefore, [are] to be construed liberally for the benefit of the judgment creditor. *Weirick v. Mansfield Lumber Co.* (1917), 96 Ohio St. 386, at 395, 117 N.E. 362; *Hart v. Andrews* (1921), 103 Ohio St. 218, 132 N.E. 846, paragraph two of the syllabus; *State Natl. Bank v. Fryman* (1971), 27 Ohio Misc. 12, 13, 272 N.E.2d 217 (citations omitted). In doing so, the rules may be "so applied as to extend the statute beyond its actual language to cases within its reason and general intent." *Rice v. Wheeling Dollar Sav. & Trust Co.* (1951), 155 Ohio St. 391, 396, 99 N.E.2d 301 (citation omitted); *Fryman*, 27 Ohio Misc. at 13, 272 N.E.2d 217 (citations omitted). *Bates v. Midland Title of Ashtabula County, Inc*., 11th Dist. Lake No. 2003-L-127, 2004-Ohio-6325, ¶ 41.

**{¶ 16}** Construing R.C. 2333.17 to mean that a trial court may additionally order a debtor to produce financial documents during a debtor examination is within the statute's reason and general intent because the purpose of a debtor examination is to obtain information regarding the judgment debtor's assets. This interpretation also benefits the judgment creditor, as it permits the creditor to obtain specific information about the debtor's assets.

**{¶ 17}** The fact that the documentation was not requested by a subpoena, [which is the mechanism for obtaining documentation from non-parties pursuant to Civ. R. 34(C) and Civ. R. 45] does not prejudice Folkerth. The requested documentation was listed and attached to Extended Stay's Motion for Debtor Examination, and the motion was personally served on Folkerth. The trial court reviewed the list of requested documents, and subsequently ordered Folkerth to appear and produce the documents. The same procedure has been implemented by other trial courts in Ohio. *See Bates* at ¶ 8, fn. 1; *Wolfrom v. Wolfrom*, 10th Dist. Franklin No.

96APE10-1308, 1997 WL 253832, *2 (May13, 1997). Furthermore, the outcome would have been the same had a subpoena been filed, as the subpoena would have also ordered Folkerth to appear and produce documents.

{¶ 18} For the foregoing reasons, Folkerth is not prejudiced by the trial court ordering him to bring documents to a debtor examination. The order also does not have a substantial, adverse impact on the integrity of and the confidence in judicial proceedings, because a creditor is permitted to obtain discovery from any person in aid of execution. Accordingly, there is no manifest miscarriage of justice and this case does not present a rare, exceptional circumstance in which the plain error doctrine should be applied. We will therefore treat Folkerth's second argument as having been waived.

{¶ 19} As there are no other arguments left to be considered, we overrule Folkerth's sole assignment of error.

### III. Conclusion

{¶ 20} Having overruled Robert Folkerth's sole assignment of error, the trial court's Order and Entry requiring Folkerth to attend a debtor examination with financial documentation is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.


Copies mailed to:

James Y. Oh
Steven E. Alsip

John R. Folkerth, Jr.
Hon. Cynthia M. Heck