## 46968.  FIDELITY & DEPOSIT COMPANY OF MARYLAND et al. v. GAINESVILLE IRON WORKS, INC. et al.

JORDAN, Presiding Judge. Gainesville Iron Works and Oakwood Steel Company instituted separate actions in the State Court of Hall County seeking judgments as claimants on a labor and material payment bond for materials furnished for the construction of the Columbus-Muscogee County courthouse. The defendant sureties sought dismissal by reason of the following provisions of the contract: "3. No suit or action shall be commenced hereunder by any claimant: . . . (c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere."

The trial judge denied the motions in each case, citing § 56-1201 of the Georgia Insurance Code and 17 CJS 1071, Contracts, § 229(2). He certified his orders for direct appeal. *Held:*

The provisions of the contract obviously relate to venue, i.e., the geographical area of the forum, as distinguished from the power to hear and determine the claims. The plaintiffs clearly qualify as third-party beneficiaries under the contract, and in our opinion are bound by any valid and enforceable provisions of the contract in seeking to enforce their claims. See *Code* §§ 3-108, as amended, and 20-306. The prevailing rule in other jurisdictions is that a stipulation in a contract fixing the venue of an action on the contract as to future litigation is generally held void as contrary to public policy. 17 CJS 1072, Contracts, § 229(2). We view the provisions of § 56-1201 of the Georgia Insurance Code as declarative of the public policy of this State in fixing the venue of actions against insurers to include (1) the county where the principal office is located, (2) any county where there is an agent or place of business, (3) any county where there was an agent or place of business when the claim accrued or the contract was made, (4) any county where property covered by the claim is located, or where the claimant is a legal resident. We think it follows that the provisions of the bond, in limiting venue solely to forums of the county or other political subdivision where the project is situated, are unenforceable as contrary to public policy. See *Code Ann.* § 20-504; *Mutual Life Ins. Co. v. Durden,* 9 Ga. App. 797 (72 SE 295). In reaching this conclusion we have carefully considered Central Contracting Co. v. Maryland Cas. Co. (CCA 3) 367 F2d 341, and Deeb, Inc. v. Bd. of Public Instruction (Fla.), 196 S. 2d 22, cited and relied upon by the defendants as persuasive authority to the contrary, but we regard these cases as representing strictly a minority viewpoint.

*Judgment affirmed. Deen and Clark, JJ., concur.*
Submitted March 8, 1972—Decided March 17, 1972—
Rehearing denied March 30, 1972—

*Swift, Page & Chapman, Max R. McGlamry, Smith & Majors, Harmon T. Smith, Jr.,* for appellants.

*Telford, Stewart & Stephens, W. Woodrow Stewart,* for appellees.