A90A0576, A90A0577. HARBIN ENTERPRISES, INC. et al. v. SYSCO CORPORATION (two cases).

(394 SE2d 618)

McMurray, Presiding Judge.

Sysco Corporation (plaintiff) instituted an action against Harbin Enterprises, Inc. and Michael V. Harbin (defendants) in the State Court of Fulton County to recover sums allegedly due on an open account. In a second count, plaintiff alleged that defendants fraudulently induced plaintiff to extend defendants' credit by giving false statements with regard to their intention to pay. Plaintiff alleged that the corporate defendant "is a Florida corporation subject to the jurisdiction of the State Court of Fulton County by virtue of signing an account application with the Plaintiff consenting to the jurisdiction of the State Court of Fulton County, Atlanta, Georgia." Plaintiff alleged that defendant Harbin "is a resident of Florida but is subject to the jurisdiction of [the State Court of Fulton County] by virtue of his execution of the above-referenced account application and by virtue of being guarantor of this corporate indebtedness." Defendants denied the material allegations of the complaint and raised various defenses, including lack of personal jurisdiction.

Plaintiff moved for partial summary judgment against defendant Harbin Enterprises, Inc., as to Count 1. Defendants moved to dismiss the complaint based on improper venue and lack of personal jurisdiction. On September 8, 1989, the trial court entered an order granting plaintiff's motion for partial summary judgment and denying defendants' motion to dismiss for improper venue and lack of personal jurisdiction. On October 6, 1989, defendants filed a notice of appeal. The case was subsequently docketed as Court of Appeals Case No. A90A0576.

On October 6, 1989, the trial court entered a "JUDGMENT" which provided as follows: "On September [8], 1989, this Court entered an Order granting Plaintiff's Motion for Partial Summary Judgment as to Count I of Plaintiff's complaint. . . . The Order did not, however, contain the requisite language of O.C.G.A. Section 9-11-54 (b).

"Accordingly, having determined that there is no just reason for delaying the entry of final judgment, IT IS HEREBY ORDERED that judgment be entered and that the Clerk issue instanter a fi. fa.

"The Court further supplements its Order of September [8], 1989 by making part of its final judgment the granting to Plaintiff of appropriate pre-judgment interest, post-judgment interest at the legal rate, and attorney's fees in the amount of $71,405.12 pursuant to O.C.G.A. Section 13-1-11 (a) (3)."

On November 3, 1989, defendants filed a notice of appeal from the "JUDGMENT" and the case was subsequently docketed as Court

of Appeals Case No. A90A0577. Defendants rely on the same enumeration of errors and brief in both Case No. A90A0576 and Case No. A90A0577. *Held*:

1. The corporate defendant first contends "[t]he Trial Court erred in granting Plaintiff's Motion for Partial Summary Judgment and entering a final judgment thereon since venue was improper and there was no personal jurisdiction. . . ."

"Under the Civil Practice Act a defense of . . . improper venue may be waived by a failure to raise [the issue] by a motion to dismiss or in a responsive pleading, as originally filed. OCGA § 9-11-12 (h) (1) (former Code Ann. § 81A-112 (h) (1)); *Whitby v. Maloy*, 145 Ga. App. 785 (2) (245 SE2d 5) (1978)." *Hornsby v. Hancock*, 165 Ga. App. 543 (301 SE2d 900). In the case sub judice, the corporate defendant did not raise the defense of improper venue in its responsive pleading or in a motion to dismiss, as originally filed. It thus appears that the defense of improper venue was waived. Notwithstanding, there remains the issue of whether the trial court properly exercised personal jurisdiction over the corporate defendant.

"It is clear under Georgia law that personal jurisdiction, unlike subject matter jurisdiction, may be waived. *Lanning v. Lanning*, 245 Ga. 19, 262 SE2d 788 (1980); *Kuller v. Beard Properties, Inc.*, 157 Ga. App. 57, 276 SE2d 111, 113 (1981); *Slaughter v. Faust*, 155 Ga. App. 68, 270 SE2d 218, 220 (1980). The United States Supreme Court has recognized a variety of legal arrangements as representative of consent to personal jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, [456] U. S. [694], 102 S.Ct. 2099, 2105, 72 LE2d 492, 502 (1982). Advance consent to the jurisdiction of a particular court in a contract is one such arrangement. See *National Equipment Rental, Ltd. v. Szukhent*, 375 U. S. 311, 316, 84 S.Ct. 411, 414, 11 LE2d 354 (1964); *Rauch v. Day & Night Manufacturing Corp.*, 576 F2d 697, 700 (6th Cir. 1978); *Cowan v. Rosebud Sioux Tribe*, 404 F. Supp. 1338, 1340 (D.S.D. 1975)." *National Svc. Indus. v. Vafla Corp.*, 694 F2d 246, 248-249 (11th Cir. 1982).

In the case sub judice, the corporate defendant agreed "that any litigation involving [the] agreement [for an open account], or any sales made by [plaintiff] to the [corporate defendant], shall be litigated in the State Court of Fulton County, Atlanta, Georgia, and all parties hereby waive any defenses of jurisdiction which may now exist or exist hereafter." We find this waiver sufficient to subject the corporate defendant to the personal jurisdiction of the State Court of Fulton County, Georgia. It therefore follows that the trial court did not err in granting plaintiff's motion for partial summary judgment.

2. Next, defendants contend "[t]he Trial Court erred in failing to grant [their] Motion to Dismiss for lack of jurisdiction and venue . . . ."

This contention is without merit as to the corporate defendant for the reasons stated in Division 1. However, we find no indication that defendant Harbin consented to suit in the State Court of Fulton County, Georgia. (The record indicates that he executed the agreement for an open account solely in his capacity as corporate president.) Consequently, since waiver and consent is the only basis asserted for personal jurisdiction over defendant Harbin, the trial court erred in failing to grant defendant Harbin's motion to dismiss for lack of jurisdiction.

*Judgment affirmed in part and reversed in part. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 18, 1990.

*Paller & Starkey, Jack Paller,* for appellants.
*Lamb & Associates, T. Gordon Lamb, Andrew R. Bickwit,* for appellee.