A93A0278. LIGHTSEY v. NALLEY EQUIPMENT
LEASING, LTD.
(432 SE2d 673)

COOPER, Judge.

In this action for breach of a lease guaranty, appellant appeals from an order of the trial court denying his motion to dismiss for lack of personal jurisdiction and granting appellee's motion for summary judgment.

South Carolina Express, Inc. ("SCE"), a now defunct corporation, leased six trucks from appellee. Appellant, president and sole shareholder of SCE, traveled to appellee's offices in DeKalb County, Georgia to execute the lease agreement as well as a lease guaranty in which he personally guaranteed SCE's obligation. The lease guaranty stated: "The Guarantor irrevocably consents that any legal action or proceeding against it under, arising out of or in any manner relating to this Guaranty may be brought in any court in Fulton or DeKalb County, Georgia. The Guarantor, by the execution and delivery of this Guaranty, expressly and irrevocably assents to and submits to

the personal jurisdiction of any such court in any such action or proceeding. . . . The Guarantor hereby expressly and irrevocably waives any claim or defense in any such action or proceeding based on any alleged lack of jurisdiction, improper venue or *forum non conveniens* or any similar basis." The lease itself contained a similar provision consenting to jurisdiction in Fulton or DeKalb County, Georgia, in addition to a disclaimer of all warranties printed in large letters. Appellant also signed a document entitled "Equipment Acceptance Acknowledgement," in which he stated that the trucks had been delivered in good condition and were unconditionally accepted. When SCE and appellant defaulted, appellee repossessed the trucks, sold them, and sued SCE and appellant in the Superior Court of DeKalb County for the deficiency between the amount owed on the lease agreement and the proceeds of the sale. Appellant asserted defenses based on lack of personal jurisdiction and failure of consideration. The trial court rejected these defenses and granted summary judgment for appellee. This appeal followed.

1. Appellant first argues that the trial court erred in denying his motion to dismiss for lack of jurisdiction because he is a resident of South Carolina and did not transact any business in Georgia. See OCGA § 9-10-91 (1). This argument is without merit. Although the extent to which the agreements were negotiated in Georgia is in dispute, it is undisputed that appellant came to Georgia to execute them, and the execution of the lease and guaranty agreements in Georgia alone is sufficient basis for personal jurisdiction under OCGA § 9-10-91 (1). See *North Peachtree I-285 Properties, Ltd. v. Hicks*, 136 Ga. App. 426 (1) (221 SE2d 607) (1975). Moreover, appellant clearly consented to jurisdiction in Fulton or DeKalb County and waived any alleged personal jurisdiction defense when he signed the lease and lease guaranty. Such contractual clauses providing advance consent to the jurisdiction of a court are valid and enforceable. *Harbin Enterprises v. Sysco Corp.*, 195 Ga. App. 694 (1) (394 SE2d 618) (1990). Accordingly, the trial court did not err in denying appellant's motion to dismiss.

2. Appellant further contends that the trial court erred in granting summary judgment for appellee. Specifically, appellant argues that a genuine issue of fact remains regarding his affirmative defense of failure of consideration due to the defective and substandard condition of the trucks. However, appellant executed a document stating that the trucks were delivered in good condition and that he unconditionally accepted them. This unconditional acceptance, together with the disclaimer of all express and implied warranties in the lease agreement, effectively negates the possibility of a failure of consideration defense. Thus, summary judgment for appellee was properly granted.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

Decided June 16, 1993.

*Duffy & Feemster, Dwight T. Feemster, Ronald K. Thompson,* for appellant.

*Hines & Head, Thomas G. Whatley, Jr.,* for appellee.