A94A0158. REGENCY MALL ASSOCIATES v. G. W.'s
RESTAURANT, INC.
(444 SE2d 572)

Birdsong, Presiding Judge.

Regency Mall Associates, an Ohio general partnership, appeals from the judgment of the trial court canceling a foreign judgment against G. W.'s Restaurant, Inc., a Georgia corporation, because the trial court found the provision in the contract between the parties fixing jurisdiction in an Ohio court was void because it was against the public policy of this state. The particular provision in the contract provides: "Any action, suit or proceeding relating to, arising out of or in connection with the terms, conditions and covenants of this lease may be brought by lessor against lessee in the Court of Common Pleas of Mahoning County, Ohio. Lessee hereby waives any objection to jurisdiction or venue in any proceeding before said court." Regency Mall Associates contends, however, that the cases upon which G. W.'s Restaurant relies concern venue fixing provisions in contracts, and not provisions which confer jurisdiction upon the court of another state. *Held*:

While it is the public policy of this state that provisions fixing the venue of an action on the contract are void (*Cartridge Rental Network v. Video Entertainment*, 132 Ga. App. 748 (209 SE2d 132) and *Fidelity &c. Co. of Maryland v. Gainesville Iron Works*, 125 Ga. App. 829, 830 (189 SE2d 130)), the contract provision in this appeal is not such a provision. Instead, this type of provision is a forum selection clause which does not offend the principles of *Fidelity &c. Co. of Maryland v. Gainesville Iron Works*, supra. *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, 209 Ga. App. 585, 591 (434 SE2d 778). Moreover, the language of *Cartridge Rental Network v. Video Entertainment*, supra, referring to " 'broad considerations of public policy against limiting venue by contract' " was disapproved by the majority opinion in *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, supra at 590.

Accordingly, this appeal is governed by *Lightsey v. Nalley Equip. Leasing*, 209 Ga. App. 73, 74 (432 SE2d 673); *Brown v. U. S. Fidelity &c. Co.*, 208 Ga. App. 834, 835 (432 SE2d 256); and *Harbin Enterprises v. Sysco Corp.*, 195 Ga. App. 694, 695 (394 SE2d 618), upholding the validity of forum selecting clauses in contracts. "It is clear under Georgia law that personal jurisdiction, unlike subject matter jurisdiction, may be waived. The United States Supreme Court has recognized a variety of legal arrangements as representative of consent to personal jurisdiction. Advance consent to the jurisdiction of a particular court in a contract is one such arrangement." (Citations and punctuation omitted.) Id.

Accordingly, the trial court erred by canceling the foreign judg-

ment against G. W.'s Restaurant on this basis.
*Judgment reversed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 30, 1994 —
RECONSIDERATION DENIED MAY 13, 1994 —

*Fulcher, Hagler, Reed, Hanks & Harper, Robert C. Hagler, J. Edward Enoch, Jr.,* for appellant.
*Jay M. Sawilowsky,* for appellee.