*Gorwitz*, for appellees.

A94A0797. AMERICAN FINANCIAL SERVICE GROUP, INC.
v. MINNIE G. BOSWELL MEMORIAL HOSPITAL.
(447 SE2d 333)

Judge Harold R. Banke.

The appellant, American Financial Service Group, Inc. instituted this proceeding to enforce a default judgment it obtained against the appellee in Michigan for breach of a contract to lease certain equipment. The appellee, a nonprofit public hospital authority of the State of Georgia, gave written notice that it intended to raise issues concerning the law of Michigan, and tendered the applicable statutes into evidence without objection by the appellant. See OCGA §§ 9-11-43 (c); 24-7-24. The trial court found the Michigan law controlling and entered an order setting aside and staying enforcement of the foreign judgment, from which this appeal ensues.

Under *Brown v. United States Fidelity &c. Co.*, 208 Ga. App. 834, 835 (2) (432 SE2d 256) (1993), "if the foreign judgment is a default judgment entered against a nonresident of the foreign state, there is no presumption of personal jurisdiction and the burden is on the plaintiff seeking to domesticate the judgment . . . to negate the defendant's lack of jurisdiction defense." The appellant contends that the lease agreement, which contained a clause in which the appellee agreed to be subject to the jurisdiction of Michigan, established the jurisdiction of the Michigan court.

Although a similar forum selection clause was held sufficient to overcome the jurisdiction defense under Georgia law in *Brown*, Michigan law controls here. See *Regency Mall Assoc. v. G. W.'s Restaurant*, 213 Ga. App. 225 (444 SE2d 572) (1994); *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, 209 Ga. App. 585 (434 SE2d 778) (1993); *Lightsey v. Nalley Equip. Leasing, Ltd.*, 209 Ga. App. 73 (432 SE2d 673) (1993).

Michigan Revised Judicature Act ("RJA") § 600.745 (2) provides that contractual clauses affording the basis for the exercise of jurisdiction are valid *only* if four requirements are met: (a) if the state is authorized to entertain the action; (b) if it is a "reasonably convenient" forum for the trial; (c) if the contract was not obtained by fraud "or other unconscionable means"; and (d) if the defendant was properly served. The failure to comply with any one of these four requirements thus precludes enforcement of a forum selection clause under Michigan law.

From the stipulated facts of record, it is clear that there were no minimum contacts between the appellee and Michigan sufficient to

create personal jurisdiction over the appellee in that state. Further, no personal service was made in Georgia on any officer or other corporate representative in the Michigan lawsuit. Under these circumstances, the appellant failed to carry its burden of proof to show that service was in compliance with Michigan law.

Accordingly, the trial court did not err in applying the foreign law as proved by the appellee, or in refusing to domesticate the foreign judgment because of the appellant's failure to comply with it.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 12, 1994 —
RECONSIDERATION DENIED JULY 27, 1994 — 

*Walden G. Housman, Jr.*, for appellant.
*David G. Kopp*, for appellee.

