# A94A1416. APPAREL RESOURCES INTERNATIONAL, LTD. et al. v. AMERSIG SOUTHEAST, INC.
### (451 SE2d 113)

RUFFIN, Judge.

Amersig Southeast, Inc. ("Amersig"), a printing company, sued Apparel Resources International, Ltd. ("Apparel Resources"), a foreign corporation, and Lynn Heller, a New York resident, for breach of contract after Apparel Resources failed to pay Amersig for catalogues it printed. Although Heller was not a party to the contract, she executed a personal guarantee in the event Apparel Resources failed to pay Amersig.

The contract contained a forum selection clause providing that claims arising out of the contract "shall be litigated in courts located within the State. [Apparel Resources] by execution of this Agreement hereby consents to the jurisdiction of any local, state, or federal court located within the State, and designates the Secretary of State of the State as its agent for service of process." The "State" is defined in the contract as "the state in which [Amersig's] plant is located." The catalogues were printed at Amersig's plant located in DeKalb County, Georgia. The personal guarantee executed by Heller contained a choice of laws provision stating Heller "agrees that this guaranty shall be governed by and construed and enforced according to the laws of the State of Georgia." In their answers, both Apparel Resources and Heller denied the jurisdiction of the State Court of DeKalb County. In addition, Apparel Resources filed a motion to dismiss for lack of personal jurisdiction. The trial court, finding jurisdiction was proper, denied the motion, and after trial, at which both defendants failed to appear, entered judgment in favor of Amersig. Apparel Resources and Heller appeal the denial of the motion and judgment.

1. Apparel Resources and Heller assert the judgment is void because the trial court did not have personal jurisdiction over them.

In finding it had jurisdiction over Apparel Resources, the trial court relied on *Lightsey v. Nalley Equip. Leasing, Ltd.*, 209 Ga. App. 73 (432 SE2d 673) (1993), where this court held that "contractual clauses providing advance consent to the jurisdiction of a court are valid and enforceable. [Cit.]" Id. at 74. While Apparel Resources agrees *Lightsey* is controlling, it argues that if under such a contractual clause a party merely "consents" to the personal jurisdiction and does not expressly "waive" that jurisdiction, the clause is invalid. In support of its argument, Apparel Resources relies on OCGA § 15-1-2 which provides "[p]arties may not *give* jurisdiction to a court by consent, express or implied, as to the person or subject matter of an action. However, lack of jurisdiction of the person may be waived, insofar as the rights of the parties are concerned. . . ." (Emphasis supplied.)

In *Dix v. Dix*, 132 Ga. 630 (64 SE 790) (1909) our Supreme Court stated with regard to OCGA § 15-1-2 that "[i]t is rudimentary law that parties can not, by consent express or implied, *give* jurisdiction to a court; that as to the subject-matter the court is limited by the powers conferred upon it by law, and can not be *given* additional power or jurisdiction by consent of the parties or by waiver; but that as to the jurisdiction of the person, the point may generally be waived, so far as the rights of the parties are concerned. . . . [Cit.]" (Emphasis supplied.) Id. at 632. "Since the adoption of the code the distinction between a privilege or right which a person may waive as against himself, though not against third parties, and an inability to *confer* jurisdiction over subject-matter upon a court, by consent or waiver, has been generally recognized and applied." (Emphasis supplied.) Id. at 632-633.

The intent of the legislature, and that expressed by the court in *Dix*, was to prohibit parties from conferring jurisdiction upon a court where none exists by law. Subject-matter jurisdiction is established by our laws and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law. See *Williams v. Goss*, 211 Ga. App. 195, 198 (438 SE2d 670) (1993); see also *Champion v. Rakes*, 155 Ga. App. 134, 135 (270 SE2d 272) (1980). Personal jurisdiction is also governed by our laws, and parties cannot agree to allow a court to extend its reach and exercise its powers over people beyond its territorial limits that is not otherwise permitted by law. See OCGA §§ 50-2-21; 9-10-91. However, by allowing a party to consensually bring itself within those territorial limits, and within the personal jurisdiction of a court, a waiver of personal jurisdiction is appropriate without violating the laws of this state. This is the legislative intent behind OCGA § 15-1-2 and that Code section prohibits a party from consensually subjecting itself to the jurisdiction of a court.

" 'It is clear under Georgia law that personal jurisdiction, unlike subject matter jurisdiction, may be waived. The United States Supreme Court has recognized a variety of legal arrangements as representative of consent to personal jurisdiction. Advance consent to the jurisdiction of a particular court in a contract is one such arrangement.' . . . [Cit.]" *Regency Mall Assoc. v. G. W.'s Restaurant*, 213 Ga. App. 225 (444 SE2d 572) (1994). "This result also enhances the freedom to contract. The freedom of individuals to contract is part of the basic liberties enjoyed by the citizens of this state and should not be interfered with in the absence of clear necessity." (Citations and punctuation omitted.) *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, 209 Ga. App. 585, 591 (3) (434 SE2d 778) (1993).

In the instant case we find the forum selection clause unambiguous and susceptible to but one interpretation. Apparel Resources, by

executing the printing contract, consented to being subject to the jurisdiction of a court where the printing plant was located in the event a dispute arose concerning the contract. This court in *Regency Mall* recognized the validity of such advance consent and we see no reason why a different rule should apply here. Because the uncontroverted testimony at trial established that the printing plant was located in DeKalb County, Georgia, Apparel Resources waived the defense of lack of personal jurisdiction in a court located there. Accordingly, we find the trial court did have personal jurisdiction over Apparel Resources and the judgment as against that party is not void.

However, we do find the trial court erred in exercising jurisdiction over Heller. The choice of laws provision in her personal guarantee " 'standing alone would be insufficient to confer jurisdiction. . . .' " *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 894 (1) (380 SE2d 303) (1989) (quoting *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 482 (105 SC 2174, 85 LE2d 528) (1985)). Moreover, that provision together with her other contacts with this state did not establish a basis for the trial court's long arm jurisdiction under OCGA § 9-10-91.

OCGA § 9-10-91 (1) provides that courts of this state may exercise personal jurisdiction over any nonresident if that nonresident "[t]ransacts any business within this state." "This has been interpreted to mean that purposeful acts must have been performed by the defendant to tie it to the State, and mere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state, is insufficient to establish the purposeful activity with Georgia required by the Long Arm statute. The United States Supreme Court has held that an individual's contract with an out-of-state party *alone* cannot automatically establish sufficient minimum contacts in the other party's home forum, and that the contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction. It is these factors — prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing — that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." (Citations and punctuation omitted.) *Mayacamas Corp.*, 190 Ga. App. at 893.

The facts in the case before us show that Heller executed a personal guaranty, governed by Georgia law, in favor of Amersig's predecessor in interest, Foote and Davies, located in Atlanta, Georgia. While there was testimony that Amersig acquired Foote and Davies prior to execution of the guaranty, there is nothing in the record to indicate where, or to whom Heller should send payment in the event of default. Heller stated in the guaranty that her home address was

located in New York. Heller's execution of the guaranty was witnessed by a New York notary public, indicating the guaranty was executed in New York. There is no evidence in the record showing with whom Heller negotiated the guaranty, other than the name of Amersig's New York salesperson listed on the printing proposal attached to the guaranty. Neither is there any evidence showing where the negotiations took place, that Heller ever came to Georgia regarding the guaranty, made telephone calls or sent mail to Amersig's Georgia plant, or received telephone calls or mail from that plant. Under these facts we do not find Heller purposefully established the minimum contacts with the forum state to justify the trial court's long arm jurisdiction over her. Accordingly, we find the trial court did not have jurisdiction over Heller and the judgment against her is void. See *Bethco, Inc. v. Cinema 'N' Drafthouse Intl.*, 204 Ga. App. 143, 146 (418 SE2d 467) (1992).

2. "In light of the decision reached in Division 1 of this opinion, the other enumerations of error raised by [Apparel Resources and Heller in their appeal] are rendered moot and we need not address them. [Cit.]" *Mayacamas Corp.*, 190 Ga. App. at 895.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 5, 1994.

*Roberts, Isaf & Summers, W. Dennis Summers, Robert H. Stansfield*, for appellants.
*Alembik, Fine & Callner, G. Michael Banick*, for appellee.