[Cite as *23AP-221 and 23AP-222*, 2024-Ohio-822.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HDDA, LLC, | : | |
| Plaintiff-Appellee, | : | Nos. 23AP-221 |
| | | (C.P.C. No. 22JG-91455) |
| v. | : | and |
| | | No. 23AP-222 |
| Abhijit S. Vasani et al., | : | (C.P.C. No. 22JG-91491) |
| Defendants-Appellants. | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on March 7, 2024

**On brief:** *Doucet Co.*, *L.P.A.*, and *Troy J. Doucet*, for appellants Abhijit S. Vasani and Bhavna A. Vasani.

**On brief:** *Thompson Hine LLP*, *Sean A. Gordon*, and *Mary Csarny*, for appellee HDDA, LLC.

APPEALS from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendants-appellants, Abhijit and Bhavana Vasani, appeal the judgments of the Franklin County Court of Common Pleas denying their motion to quash the filing and execution of two Georgia judgments, which had been obtained against them as personal guarantors of loans from plaintiff-appellee, HDDA, LLC's ("HDDA"), predecessor-in-interest Access Point Financial, LLC ("Access Point").

{¶ 2} Access Point is a Georgia limited liability company, and between 2015 and 2017 Access Point executed loans to three Ohio limited liability companies owned by the Vasanis—Synergy Hotels, LLC, and Hilliard Hotels, LLC, were loaned a total of

approximately $1.1 million,[1] and Welcome Group, LLC was loaned approximately $400,000. Each of the loans was personally guaranteed by the Vasanis in separate guaranty agreements, and all of the documents, including the promissory notes, were by their terms subject to Georgia law. Moreover, each of the guaranty agreements contained the following language[2]:

> (g) <u>Consent to Jurisdiction; Service of Process</u>. Each Guarantor agrees and consents to the jurisdiction and venue of any state or federal court sitting in or having jurisdiction over the DeKalb County, Georgia with respect to any legal action, proceeding, or dispute between them and hereby expressly waives any and all rights under applicable law or in equity to object to the jurisdiction and venue of said courts. Each Guarantor further irrevocably consents to service of process by certified mail, return receipt requested, to the address for such party last provided in accordance with the notice provision of this Guaranty and agrees that within thirty (30) days after such mailing, Guarantor so served shall appear or answer to any summons and complaint or other process and should Guarantor so served fail to appear or answer within said thirty-day period, said Guarantor shall be deemed in default and judgment may be entered by Lender against the said party for the amount as demanded in any summons and complaint or other process so served.

(*See* Jan. 23, 2023 Def.'s Mot. to Quash, Ex. C, Guaranty Agreement Section "g" at 4-5.)

{¶ 3}  In early 2020, all three loans entered default. After notifying the Vasanis of the default over the course of several months, Access Point sent a final default letter demanding payment in full on June 25, 2020.  (*See* Def.'s Mot. to Quash, Ex. E, DeKalb Order at 2 (hereinafter "Georgia Trial Jgmt.") DeKalb County, Georgia Superior Court case No. 20CV7478). Payment was not tendered, and Access Point sued the Vasanis in two

---

[1] Synergy Hotels, LLC was loaned $600,000 pursuant to an equipment loan, and Synergy and Hilliard Hotels, LLC were jointly loaned $500,000 pursuant to a secured loan.  The two loans were combined for litigation in Georgia, and no objection to that procedure has been raised by the defendants.

[2] The guaranty document for the joint loan to Synergy Hotels and Hilliard Hotels also allows for jurisdiction in Fulton County, Georgia, but is otherwise identical.

actions filed on October 26, 2020 in the Dekalb County, Georgia Superior Court, based upon notes and security agreements the Vasanis executed in support of the original loans.

{¶ 4} Under Georgia law, a late answer results in an automatic default, but can be excused if the defendant tenders filing costs to the court within 15 days:

> If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs.

Ga.Code Ann. 9-11-55(a). The Vasanis failed to timely answer the complaints—they "filed their answer to the Complaint on December 7, 2020, six (6) days after their answers were due." (Georgia Trial Jgmt. at 2.) Although this default would have been excused as of right pursuant to Ga.Code Ann. 9-11-55(a) if the Vasanis had tendered costs to the court, they failed to do so "within the fifteen (15) day grace period permitted" by the statute. *Id.* On January 8, 2021, Access Point filed a motion for default judgment, and on January 12, 2021, the Vasanis responded with a memorandum contra and a motion to open default. On March 25, 2021, the Dekalb County Georgia Superior Court granted the motion for default judgment as to the action against Welcome Group, LLC and the Vasanis, and denied their motion to open default. Although the Vasanis apparently raised the question of whether Georgia could exercise personal jurisdiction over them in their motion, the Georgia court held that while the Vassanis "assert[ed] six (6) affirmative defenses in their answer," they provided no factual information to support these defenses, "and thus all such defenses are insufficient to open default." (*See* Georgia Trial Jgmt. at 4, citing *Sprewell v. Thomas & Hutson*, 260 Ga.App. 312, 313, 581 S.E.2d 322 (2003) (holding that "to make a 'showing'

that a meritorious defense exists, 'the defendant must provide factual information and may not rely solely on conclusions.' "). (Internal citation omitted.)

**{¶ 5}** The Georgia court further observed that the Vasanis had not actually *argued* that they were not subject to jurisdiction, in that they only presented "three of these affirmative defenses in their Motion to Open Default: (1) the acceleration of interest is usurious under Georgia law; (2) the COVID-19 pandemic has frustrated the purpose of the Loan Documents, and (3) the COVID-19 pandemic has made Defendants' performance under the Loan Documents impossible." *Id.* at 4-5. The court rejected each of these defenses in turn, holding that the Vasanis had not demonstrated a meritorious defense under Georgia law to Access Point's claims, that the loans were not usurious, that the Vasanis' alleged defenses were insufficient to reopen the default, and that the Vasanis had not demonstrated excusable neglect. The Georgia Superior Court issued a similar decision relating to the remaining loans on November 12, 2021. The Vasanis appealed the Superior Court's decisions, but those decisions were affirmed on appeal. (*See* Feb. 2, 2023 Pl.'s Resp. in Opp., Ex. C., Oct. 24, 2022 Georgia Ct. of Appeals memorandum decision, case No. Ga. Ct. App. A22A1046 and A22A1047, affirming Georgia Trial Jgmt.).

**{¶ 6}** Access Point then assigned the loans to HDDA, and the instant actions were filed on December 6 and 7, 2022 in the Franklin County Court of Common Pleas to domesticate and enforce the Georgia Judgments. The cases were consolidated for assignment and hearing, and the Vasanis filed a motion to quash the filing and execution of the judgments on January 19 and 23, 2023. Following briefing, on April 6, 2023, the Franklin County Court of Common Pleas denied the motions to quash:

> Defendants assert the judgment is void due to lack of personal jurisdiction. In 2020, non-party Access Point Financial, LLC filed an action against the Defendants in De Kalb County,

Georgia, seeking default on a guaranty agreement between Access Point and the Defendants. The Defendants failed to file their answer to the complaint and were denied leave to file their answer out of rule. Default on the guaranty agreement was then granted, and further upheld on appeal in Georgia. Defendants now argue the Georgia judgment is void for lack of personal jurisdiction because the Defendants have never set foot in or conducted business in Georgia. Additionally, Defendants dispute that Access Point could sue them in their individual capacities.

* * *

Under Ohio law, "[t]he doctrine of full faith and credit requires that the state of Ohio give to * * * judicial proceedings of another state the same faith and credit as they have by law or usage in the courts of the state from which they are taken." *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132 (1999). Full faith and credit may only be denied when a foreign judgment is void. *Appel v. Berger*, 149 Ohio App.3d 486, 494 (10th Dist. 2002).

It is clear from the text of the agreement that DeKalb County, Georgia had personal jurisdiction over the Defendants, as personal guarantors and signers of the guarantee agreement. Plaintiff's Exhibit A. Accordingly, the judgment is not void and shall be given full faith and credit of this state.

(Mar 24, 2023 Decision & Entry Denying Mot. to Quash at 1-2.) This timely appeal followed, and the Vasanis assert a single assignment of error with the trial court's judgment, arguing that "[t]he Ohio Trial Court erred when denying the Vasanis' Motion to Quash the filing and execution of Georgia Court's void judgments."

{¶ 7} In general, a trial court decision on a motion in this posture is reviewed for an abuse of discretion. *See, e.g., Young v. Locke*, 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 20-24 (trial court did not abuse its discretion in granting appellee's motion to vacate judgment and quash praecipe where judgment was void for lack of service). Moreover, "[w]hile the doctrine of comity reflects a recognition of the desirability of consistent and economical adjudication of disputes that may not always be confined by

jurisdictional borders, an Ohio court's recognition of a foreign decree is a matter of courtesy rather than of right." *Patel v. Krisjal*, L.L.C., 10th Dist. No. 12AP-16, 2013-Ohio-1202, ¶ 45. As such, the trial court's decision to recognize or deny effect to a foreign judgment is reviewed for an abuse of discretion. *Id.* at ¶ 46. Moreover, we have held that " '[u]nder the full faith and credit clause, collateral attack on a sister state's judgment is precluded if the sister state had jurisdiction over the person of the defendant and the subject-matter.' " (Internal citations omitted.) *Appel v. Berger*, 149 Ohio App.3d 486, 2002-Ohio-4853, ¶ 40 (10th Dist.).

{¶ 8} Finally, the question of jurisdiction raised by the appellants is reviewed under Georgia law, given that they are collaterally challenging the Georgia courts' exercise of personal jurisdiction over them. In Georgia, personal jurisdiction is almost always a question of law to be reviewed de novo. *See generally YP, LLC v. Ristich*, 341 Ga.App. 381, 801 S.E.2d 80, 81 (2017). The Vasanis are trying to argue that the Georgia judgments are void for lack of personal jurisdiction.

{¶ 9} But as the Georgia courts held, the Vasanis failed to properly assert the defense of lack of personal jurisdiction in Georgia. (*See* Georgia Trial Jgmt. at 4-5.) This failure to present or preserve this alleged jurisdictional defense in Georgia forfeited the defense in that state. Moreover, the court must give due weight to the fact that the Georgia Superior Court and the Court of Appeals of Georgia have already reviewed the notes in their entirety and found them to be valid and enforceable against the Vasanis. *See generally Vasani v. Access Point Financial, LLC* (affirming Georgia Trial Jgmt.). Notwithstanding, in an abundance of caution, we will review the merits of their arguments that the Georgia judgments are void and should not be granted comity or full faith and credit.

{¶ 10} Here, the Vasanis have argued that the forum selection clause in the guarantee agreements is invalid and also that Georgia's long-arm statute does not confer jurisdiction upon them. We reject the Vasanis' first challenge without any hesitation—as HDDA has correctly argued to this court, "[o]nly foreign judgments *which are void* are subject to collateral attack in Ohio. If the foreign judgment is merely *voidable*, relief must be sought in the foreign state." (Emphasis added.) (Internal citations omitted.) *Appel* at ¶ 40. The validity of a forum selection clause is not a question of jurisdiction that would render the Georgia judgment void, " '[s]ince forum selection or consent to jurisdiction provisions involve procedural and not substantive rights * * *.' " *Carters Royal Dispos-All v. Caterpillar Fin. Servs.*, 271 Ga.App. 159, 160, 609 S.E.2d 116 (2004), quoting *Carbo v. Colonial Pacific Leasing Corp.*, 264 Ga.App. 785, 786, 592 S.E.2d 445 (2003), fn.1. Moreover, under Georgia law, "forum selection clauses are prima facia valid." *Carters Royal Dispos-All* at 160. The Vasanis have argued in this court that the forum selection clauses are unreasonable and that there is no compelling need to enforce them. But even if those arguments have merit, they do not and cannot establish an error in the jurisdiction of the Georgia courts, and cannot establish that the Georgia trial judgment is void.

{¶ 11} But the Vasanis also argue the Georgia long-arm statute did not confer personal jurisdiction over them, and "[p]ersonal jurisdiction affects the very authority of a court to enter judgment." *Hunter v. Shield*, 10th Dist. No. 17AP-751, 2018-Ohio-2371, ¶ 43. For that reason, Ohio courts have repeatedly recognized that a "judgment entered without personal jurisdiction is void." *Don Ash Properties v. Dunno*, 10th Dist. No. 03AP-375, 2003-Ohio-5893, ¶ 8. *See also Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984) (reversing default judgment in favor of plaintiff where personal jurisdiction over out-of-state corporate office was not established). If the Georgia long-arm statute did not confer

personal jurisdiction over the Vasanis, then the Georgia trial judgment is void and cannot be given effect in Ohio.

{¶ 12} Ga.Code Ann. 9-10-91(1), the Georgia long-arm jurisdiction statute provides, in pertinent part:

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state.

But Ga.Code Ann. 15-1-2 appears to place a limitation on this broad power to exercise personal jurisdiction. The statute provides that "[p]arties may not give jurisdiction to a court by consent, express or implied, as to the person or subject matter of an action. However, lack of jurisdiction of the person may be waived, insofar as the rights of the parties are concerned, but not so as to prejudice third persons."

{¶ 13} Notwithstanding Ga.Code Ann. 15-1-2, Georgia courts have consistently held that "contractual clauses providing advance consent to the jurisdiction of a court are valid and enforceable." *Lightsey v. Nalley Equip. Leasing, Ltd.*, 209 Ga.App. 73, 432 S.E.2d 673, 675 (1993), citing *Harbin Ents. v. Sysco Corp.*, 195 Ga.App. 694, 394 S.E.2d 618 (1990). The Georgia Court of Appeals has examined the apparent tension between the statutory provision and the rule permitting parties to consent to jurisdiction by contract:

> In *Dix v. Dix*, 132 Ga. 630 (64 SE 790) (1909) our Supreme Court stated with regard to O.C.G.A. § 15-1-2 that "it is rudimentary law that parties can not, by consent express or implied, *give jurisdiction* to a court; that as to the subject-matter the court is limited by the powers conferred upon it by law, and can not be *given additional power or jurisdiction* by consent of the parties or by waiver; but that as to the jurisdiction of the person, the point may generally be waived,

so far as the rights of the parties are concerned. . . [Cit.]"
(Emphasis supplied.) *Id*. at 632. "Since the adoption of the
code the distinction between a privilege or right which a person
may waive as against himself, though not against third parties,
and an inability to *confer* jurisdiction over subject-matter upon
a court, by consent or waiver, has been generally recognized
and applied." (Emphasis added.) *Id*. at 632-633.

The intent of the legislature, and that expressed by the court in
*Dix*, *was to prohibit parties from conferring jurisdiction upon
a court where none exists by law*. Subject-matter jurisdiction
is established by our laws and there is nothing parties to a suit
can do to give a court jurisdiction over a matter that has not
been conferred by law. See *Williams v. Goss*, 211 Ga. App. 195,
198 (438 S.E.2d 670) (1993); see also *Champion v. Rakes*, 155
Ga. App. 134, 135 (270 S.E.2d 272) (1980). Personal
jurisdiction is also governed by our laws, and parties cannot
agree to allow a court to extend its reach and exercise its powers
over people beyond its territorial limits that is not otherwise
permitted by law. See O.C.G.A. §§ 50-2-21; 9-10-91. *However,
we believe that by allowing a party to consensually bring itself
within those territorial limits, and within the personal
jurisdiction of a court, a waiver of personal jurisdiction is
appropriate without violating the laws of this state*. We think
this is the legislative intent behind O.C.G.A. § 15-1-2 and do not
believe that Code section prohibits a party from consensually
subjecting itself to the jurisdiction of a court.

(Emphasis added.) *Apparel Resources Internatl. v. Amersig Southeast, Inc.*, 215 Ga.App.

483, 484, 451 S.E.2d 113 (1994). Accordingly, under Georgia law a waiver or consent to

personal jurisdiction in a contract is enforceable if both the contract and the circumstances

of its execution demonstrate that the out-of-state party intended to submit itself to the

jurisdiction of Georgia courts. In *Apparel Resources Internatl.*, a plaintiff printing

company sued an out-of-state corporation for breach of contract, and also sued its out-of-

state personal guarantor. In that case, the court held that the guarantor had not waived her

defense of personal jurisdiction:

The facts in the case before us show that Heller executed a
personal guaranty, governed by Georgia law, in favor of
Amersig's predecessor in interest, Foote and Davis, located in

Atlanta, Georgia. While there was testimony that Amersig acquired Foote and Davis prior to execution of the guaranty, there is nothing in the record to indicate where, or to whom Heller should send payment in the event of default. Heller stated in the guaranty that her home address was located in New York. Heller's execution of the guaranty was witnessed by a New York notary public, indicating the guaranty was executed in New York. There is no evidence in the record showing with whom Heller negotiated the guaranty, other than the name of Amersig's New York salesperson listed on the printing proposal attached to the guaranty. Neither is there any evidence showing where the negotiations took place, that Heller ever came to Georgia regarding the guaranty, made telephone calls or sent mail to Amersig's Georgia plant, or received telephone calls or mail from that plant. Under these facts we do not find Heller purposefully established the minimum contacts with the forum state to justify the trial court's long arm jurisdiction over her. Accordingly, we find the trial court did not have jurisdiction over Heller and the judgment against her is void.

*Id.* at 485-86. *Apparel Resources Internatl.* indicates that Georgia courts can examine the facts surrounding the execution of a personal guarantee to determine whether a consent to jurisdiction clause in such a guarantee is enforceable. But here, in direct contrast to that case, each of the guaranty agreements was executed alongside and at the same time as the underlying loans and promissory notes, and all of the documents were signed by Abhijit S. Vasani, either as representative of the LLC or in his personal capacity as appropriate. (*See generally* Def.s' Exs. attached to Jan. 23, 2023 Mot. to Quash.) The Vasanis were well aware that Access Point was based in Georgia, and the documents appear to have been prepared in Georgia and sent to the Vasanis in Ohio. *Id.* Moreover, prior to the filing of the Georgia lawsuits, the lenders obtained Georgia counsel who sought payment on the loans from both the companies and the Vasanis themselves as guarantors. *See id.* When suit was ultimately filed in Georgia, the Vasanis appeared through counsel, and perhaps most crucially, in each of the guaranty agreements, the guarantor "*expressly waives any*

*and all rights under applicable law or in equity to object to the jurisdiction and venue*" of the Georgia trial courts. *Id.*

**{¶ 14}** In sum, under Georgia law the consent to jurisdiction clauses are presumptively valid and enforceable, *Lightsey*, 432 S.E.2d at 675, the Vasanis have provided no textual basis to deem them invalid under Georgia law, the Vasanis were able to obtain local counsel in Georgia who entered an appearance and made filings on their behalf, and the Vasanis could have avoided the default judgment by filing a costs bond, therefore we see no basis upon which this court could determine either that the Georgia judgments are void or that the trial court herein abused its discretion in denying the motion to quash.

**{¶ 15}** Accordingly, the Vasanis' sole assignment of error is overruled.[3] The judgments of the Franklin County Court of Common Pleas denying the Vasanis' motion to quash the filing and execution of the Georgia judgments against them are affirmed.

*Judgments affirmed.*

MENTEL, P.J. and DORRIAN, J. concur.

_____

---

[3] In their brief, HDDA requests this court to find the Vasanis' appeal to be frivolous under App.R 23 and require the Vasanis to pay "reasonable expenses of the appellee including attorney fees and costs." On review, we conclude that there exists a good-faith basis in law to pursue this appeal and deny the request for sanctions.