[Cite as *Matics v. Matics*, 2013-Ohio-1871.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| MATTHEW MATICS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.    2012-AP-07 0040 |
| ANGIE MATICS, ET AL | : |           2012-AP-07 0043 |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Tuscarawas County
                               Court of Common Pleas, Domestic
                               Relations Division,  Case No.
                               2011TC010039

JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        May 6, 2013

APPEARANCES:

For Plaintiff-Appellant            For Defendant-Appellee

JOSEPH TRIPODI                     PAUL HERVEY
114 East High Avenue               P.O. Box 1014
New Philadelphia, OH 44663         New Philadelphia, OH  44663


For Cuyahoga County CSEA

BRIAN GUTKOSKI
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street - 8th Floor
Cleveland, OH 44113

*Gwin, P.J.*

**{¶1}** Appellant Matthew Matics appeals from the June 11, 2012, and July 12, 2012 judgment entries issued by the Tuscarawas County Court of Common Pleas, Domestic Relations Division.

*Facts & Procedural History*

**{¶2}** Appellant filed a divorce complaint in January of 2011. Appellant and appellee Angela Matics have one child in common. The case proceeded to trial on January 24, 2012 on appellant's complaint for divorce and appellee's counterclaim for the same. During the trial, appellee testified she had custody of two children born during appellant's and appellee's separation and though she applied for child support through the Cuyahoga County Child Support Enforcement Agency (CSEA), she receives no child support from either of the fathers of the children. The parties stipulated that the two children born during the separation were excluded as biological children of appellant.

**{¶3}** On April 24, 2012, the magistrate issued a decision and filed the parties' stipulations. The magistrate filed a nunc pro tunc entry on April 25, 2012, correcting two issues that were incorrect in the previous entry. In her findings of fact, the magistrate found that appellee testified she has custody of the two children born during the separation and "receives no child support from either of the fathers." Appellee filed an objection to the magistrate's decision because the child support worksheet attached to the decision did not coordinate with the findings of fact. Appellant did not object to the magistrate's decision. Neither party filed a transcript. The trial court issued a decision

on July 12, 2012, ruling on the objections to the magistrate's decision, agreeing with appellee on the proper calculation of child support, and granting a divorce to the parties.

{¶4} Subsequent to the magistrate's decision, appellant issued a subpoena to Cuyahoga County CSEA requesting financial records "for two children born to [appellee] since 2008 through current date; the information should include the amount of the child support, the amount collected by the agency on both cases for the years 2010, 2011, and 2012." On May 10, 2012, Cuyahoga County CSEA filed a motion to quash appellant's subpoena. The trial court granted the motion to quash on June 11, 2012, declaring the subpoena a nullity.

{¶5} Appellant filed a notice of appeal of the trial court's entry granting the motion to quash on July 9, 2012 in Case No. 2012 AP 07 0040. Appellant filed a notice of appeal of the trial court's July 12, 2012 entry on July 20, 2012 in Case No. 2012 AP 07 0043. Appellant filed a motion to consolidate the cases on July 20, 2012, which this court granted on July 27, 2012. Appellant raises the following assignment of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING NON-PARTY CUYAHOGA COUNTY CHILD SUPPORT ENFORCEMENT AGENCY'S MOTION TO QUASH."

{¶7} We find the granting of the motion to quash to be properly before this court. The trial court issued a judgment entry on July 12, 2012, ruling on appellee's objections to the magistrate's decision, resolving all issues, and granting a divorce to the parties. Appellant filed a notice of appeal of the judgment entry on July 20, 2012,

and on July 27, 2012, we consolidated the appeal on the motion to quash with the appeal on the final divorce decree.

{¶8} Pursuant to Civil Rule 26(B)(1), the scope of discovery is broad and includes "* * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *."  Civil Rule 45 allows subpoenas to be issued to nonparties.  However, a court should grant a motion to quash the subpoena if it "(a) fails to allows reasonable time to comply; (b) requires disclosure of privileged or otherwise protected matter and no exception or waiver applies; [or] (d) subjects a person to undue burden."  Civ.R.45(C)(3).

{¶9} Our standard of reviewing a trial court's decision to quash a subpoena is the abuse of discretion standard.  *State ex rel. The V. Companies v. Marshall*, 81 Ohio St.3d 467, 692 N.E.2d 198 (1998).  The Supreme Court of Ohio has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).  When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court.  *Pons v. Ohio State Med. Board*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶10} Appellant argues it is necessary to obtain the information as to whether appellee is obtaining child support from other sources in order to comply with the child support worksheet.  Appellee and Cuyahoga County CSEA argue the trial court properly quashed the subpoena because: the records are confidential under state law, the only evidence adduced at trial was that appellee received no child support from other

sources, there was no objection to the magistrate's findings of fact by appellant, appellant failed to exhaust discovery efforts by not requesting any information from appellee about other child support, and appellant failed to file the subpoena with the trial court.

{¶11} We agree with the arguments propounded by appellee and Cuyahoga County CSEA. The record indicates appellant did not subpoena the records until after the trial concluded and the subpoena requested the documents be produced on May 12, 2012, after the deadline passed for the filing of objections to the magistrate's April 25, 2012 nunc pro tunc decision. There is no evidence in the record that appellant refuted appellee's trial testimony that she did not receive child support from the fathers of her other children. Appellant did not object to the magistrate's findings of fact regarding appellee's testimony and the lack of child support from other sources. Further, a review of the record demonstrates Appellant did not file the subpoena with the trial court. Accordingly, we find the trial court did not abuse its discretion in granting the motion to quash subpoena.

{¶12} Finally, we note that appellant filed a notice of appeal of the trial court's July 12, 2012 judgment entry on July 20, 2012. However, appellant did not include the July 12th entry in his assignments of error. Appellant also did not file a transcript of the trial before the magistrate upon which the July 12th entry was based, as required by App.R. 9(B), and has not complied with App. R. 9(C) if a transcript of the trial was unavailable. Therefore, we are required to presume regularity in the record of the proceedings below and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

**{¶13}** For the foregoing reasons, we overrule appellant's assignment of error.

**{¶14}** The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. CRAIG R. BALDWIN

WSG:clw 0416

[Cite as *Matics v. Matics*, 2013-Ohio-1871.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MATTHEW MATICS               :
                             :
          Plaintiff-Appellant :
                             :
                             :
-vs-                         :          JUDGMENT ENTRY
                             :
ANGIE MATICS, ET AL          :
                             :
          Defendant-Appellee :
                             :
                             :
                             :
                             :
                             :          CASE NO.     2012-AP-07 0040
                                                     2012-AP-07 0043


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN