[Cite as *In re Estate of Geneva*, 2016-Ohio-5382.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| IN THE MATTER OF THE ESTATE | : | Hon. Sheila G. Farmer, P.J. |
| OF SAMUEL J. GENEVA, | : | Hon. W. Scott Gwin, J. |
| DECEASED | : | Hon. William B. Hoffman, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2016 AP 02 0013 |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil appeal from the Tuscarawas County
                                Court of Common Pleas, Probate Division,
                                Case No. 2015 ES 58030

JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         August 15, 2016


APPEARANCES:

For-Appellee                    For-Appellant

BRAD K. HILLYER                 PAUL MANCINO, JR.
Connolly, Hillyer & Ong         75 Public Square, Suite 1016
201 N. Main Street, Box 272     Cleveland, OH 44113
Uhrichsville, OH 44683

*Gwin, J.,*

{¶1}   Appellant appeals the judgment entries of the Tuscarawas County Court of Common Pleas, Probate Division, denying his motions to quash subpoena.

*Facts & Procedural History*

{¶2}   Decedent Samuel J. Geneva ("Geneva") was involved in a serious auto accident in 1994, which resulted in the death and injury of several individuals.  In 1995, Geneva was convicted of aggravated vehicular homicide.  Several of the victims obtained civil judgments against Geneva totaling over $500,000 after the trial court found the collision was the result of Geneva's negligence.  Subsequently, the judgment creditors attempted to obtain funds held by Geneva.

{¶3}   In attempting to locate funds of Geneva's, the trial court found Geneva, through his power of attorney James Weaver ("Weaver"), sent $37,500 to appellant Paul Mancino, Jr.  In a judgment entry on February 24, 1999, the trial court ordered the funds transferred to appellant in the amount of $37,500 be escrowed in appellant's attorney trust account fund.  The trial court then ordered the funds to be deposited with First National Bank of Dennison for the benefit of Geneva and his creditors.  Appellant appealed this order by the trial court, but the appeal was dismissed on July 22, 1999.  The money was not returned as ordered to First National Bank of Dennison.

{¶4}   Geneva died on December 7, 2014.  An estate was opened for Geneva and Weaver was appointed the executor of the estate.  The judgment creditors of Geneva filed claims in the estate totaling over $820,000.

{¶5}   On November 19, 2015, the magistrate issued an order finding the Estate of Geneva is the owner of whatever remains of the $37,500 transferred to appellant in

1999 and Weaver has a duty to recover this estate asset. The trial court issued a judgment entry on December 7, 2015 adopting and approving the magistrate's decision.

{¶6} On December 22, 2015, counsel for Geneva's estate issued a subpoena to appellant to appear and testify at a hearing on January 14, 2016. Also in the subpoena appellant was ordered to bring: all records relating to the $37,500 paid to him by Geneva and/or Weaver in 1998/1999; proof that the funds were returned to Geneva or a cashier's check made payable to the Estate of Geneva in the amount of $37,500; and all trust records, law firm deposits, account statements, disbursement receipts, transfer records to appellant or his law firm, or any other person relating to these funds.

{¶7} Appellant filed a motion to quash subpoena on January 4, 2016. The magistrate issued an order overruling the motion to quash on January 5, 2016, but re-scheduled the hearing for January 22, 2016. Appellant filed a second motion to quash on January 8, 2016 and argued the subpoena was unduly burdensome and oppressive, there were no pending proceedings against him, and the records no longer exist. The creditors filed a response to appellant's motion on January 11, 2016. Weaver filed a motion on January 13, 2016 indicating appellant's office may have been receiving approximately $2,000 per month from the State Teachers Retirement System ("STRS") for Geneva that was sent to a bank in Virginia.

{¶8} The magistrate issued an order on January 15, 2016 overruling appellant's second motion to quash. On January 22, 2016, appellant filed a motion to set aside the magistrate's order. The trial court denied the motion on January 26, 2016.

{¶9} The magistrate held a hearing on January 22, 2016. Appellant testified the checks he received for Geneva from 1999-2006 were sent to Geneva. Appellant stated

he cashed the checks and mailed the money to Geneva in prison. Appellant then testified Geneva authorized appellant to keep some of the funds for his ongoing attorney fee bill and Geneva wanted some of the money sent to other people, which appellant stated he did. Appellant did not return the $37,500 because he deemed the order telling him to do so void. Appellant does not have records or invoices to show the amount of his attorney fees.

{¶10} On January 26, 2016, the magistrate issued an order for appellant to turn over relevant client escrow funds records pertaining to his transactions with and for Geneva. Appellant filed a motion to set aside the magistrate's order. The trial court overruled appellant's motion and ordered appellant to turn over the relevant client escrow fund records pertaining to his transactions with and for Geneva that he has in his possession or under his control.

{¶11} Appellant appeals the judgment entries of the Tuscarawas County Common Pleas Court, Probate Division, and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN NOT QUASHING THE SUBPOENA TO NON-PARTY PAUL MANCINO, JR. BECAUSE THE SUBPOENA WAS UNDULY BURDENSOME AND WHEN THERE IS NO ADVERSARY CASE PENDING PURSUANT TO R.C. 2109.50 (PROCEEDINGS WHEN ASSETS CONCEALED OR EMBEZZLED)."

I.

{¶13} Although discovery orders are generally interlocutory, denials of motions to quash subpoenas served on non-parties are final appealable orders. *Foor v. Huntington Nat'l Bank*, 27 Ohio App.3d 76, 499 N.E.2d 1297 (10th Dist. Franklin 1986); *Scott Process Systems, Inc. v. Mitchell*, 5th Dist. Stark No. 2012CA00021, 2012-Ohio-5971. An order

overruling a motion to quash a subpoena issued to a nonparty witness is appealable since the nonparty witness has no recourse other than to appeal from the order overruling the motion to quash. *Id.* Accordingly, the discovery orders in this case regarding appellant and the motions to quash subpoena are final appealable orders.

**{¶14}** This Court's standard of review of a trial court's decision on a motion to quash subpoena is the abuse of discretion standard. *State ex rel. The V. Companies v. Marshall*, 81 Ohio St.3d 467, 692 N.E.2d 198 (1998). The Supreme Court of Ohio has held the term of abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). When applying this abuse of discretion standard, this court may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Board*, 66 Ohio St.3d 619, 614 N.E.2d 748 (1993).

**{¶15}** Pursuant to Civil Rule 26(B)(1), the scope of discovery is broad and includes "* * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *." However, a court should grant a motion to quash subpoena if it subjects a person to undue burden. Civil Rule 45(C)(3)(d). After the movant establishes undue burden, the motion shall be granted unless the party issuing the subpoena shows a substantial need for the testimony that cannot be otherwise met without undue hardship. Civil Rule 45(C)(5). If the party who issued the subpoena fails to show they have a substantial need for the material that cannot otherwise be met without undue hardship, the court must quash or modify the subpoena. Civil Rule 45(C)(5).

{¶16} Appellant first argues the trial court abused its discretion in not granting his motions to quash subpoena because he is not a party to the case and no action is pending other than Geneva's estate case. We disagree. This Court has previously held that Civil Rule 45 allows subpoenas to be issued to nonparties. *Matics v. Matics*, 5th Dist. Tuscarawas No. 2012-AP-07 0040, 2013-Ohio-1871; *Scott Process Systems, Inc. v. Mitchell*, 5th Dist. Stark No. 2012CA00021, 2012-Ohio-5971. Further, pursuant to Civil Rule 34(C), any party seeking documents from a non-party may compel their production by way of subpoena in accordance with Civil Rule 45. *Brunstetter v. Keating*, 11th Dist. Trumbull No. 2002-T-0057, 2003-Ohio-3270. In 1999, the trial court ordered the funds at issue to be deposited with First National Bank of Dennison for the benefit of Geneva and his creditors. While this order was appealed by appellant, the appeal was subsequently dismissed. Appellant obtained no stay of execution and the 1999 order did not expire by its terms.

{¶17} Appellant also contends the trial court abused its discretion in not granting his motions to quash subpoena because the subpoena was unduly burdensome. It is appellant's burden to establish the subpoena subjected him to an undue burden. *McDade v. Morris*, 9th Dist. Summit No. 27454, 2015-Ohio-4670. In the instant case, the subpoena requested appellant's appearance and testimony at the hearing and all records in appellant's possession and/or control relating to the funds paid to him by Geneva and/or Weaver. At the hearing, the questioning of appellant was limited to the funds at issue and the 1999 judgment entry ordering the funds deposited at the First National Bank of Dennison. We find the trial court did not abuse its discretion in not finding an undue

burden as the testimony was limited and there is no indication in this case that the production of financial documents and records would be an undue burden.

{¶18} Further, even if appellant had shown undue burden, the estate showed a substantial need for the testimony and production of documents that cannot be otherwise met without such undue burden. The trial court ordered the funds to be returned to the First National Bank in 1999 for the benefit of Geneva and/or his creditors. However, the funds were not deposited as directed by the trial court. There is a substantial need for appellant's testimony and the records regarding the funds in an estate action for Geneva where the executor is charged with collecting and distributing the assets of Geneva and the trial court is tasked with determining whether the assets on the inventory are property of Geneva's estate. See R.C. 2113.31; R.C. 2115.02.

{¶19} Based on the foregoing, we find the trial court did not abuse its discretion when it overruled appellant's motions to quash subpoena. Appellant's assignment of error is overruled. The judgment entries of the Tuscarawas County Common Pleas Court, Probate Division, are affirmed.

By Gwin, J.,

Farmer, P.J., and

Hoffman, J., concur