Baldwin, J.
*1077 {¶ 1} Appellant, Sugarcreek Amish Tours, Inc. appeals the trial court's May 24, 2017 decision to quash a subpoena served upon Huntington National Bank requesting production of the checking account records of Rhonda C. Martin. Appellee is Rhonda C. Martin.
STATEMENT OF THE FACTS AND THE CASE
{¶ 2} This case began with Appellant's complaint to recover loan proceeds. Appellant filed a complaint on April 2, 2016 alleging Donald Rodney Martin (former spouse of Appellee), Donal Enterprises, Inc. and PRP Railroad Construction & Supply, LLC defaulted on loan obligations, and that the Defendants, including Appellee, were unjustly enriched. On June 4, 2016, Appellee and PRP Railroad Construction & Supply, LLC filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). On June 12, 2016 Appellant filed a notice of dismissal of Appellee and PRP Railroad Construction & Supply, LLC without prejudice. After a bench trial on June 28, 2016, the trial court found that defendant Donald Ronald Martin was legally obligated to pay Appellant $4,879,555.46. The pending claim against defendant Donal Enterprises, Inc. was severed for a separate bench trial.
{¶ 3} In pursuit of collection of the judgment against Mr. Martin, Appellant obtained and recorded certificates of judgment and filed a motion requesting an order compelling a judgment debtor exam. The request for a judgment debtor exam was granted but the results of the exam are not part of the record. In furtherance of its collection efforts, on April 4, 2017, Appellant issued the following subpoenas:
{¶ 4} 1. To J.P. Morgan Chase Bank for checking account records for PRP Rail Construction, LLC from February 1, 2015 through December 31, 2015;
{¶ 5} 2. To Huntington Bank for checking account records for Rhonda C. Martin for March 1, 2014 through December 31, 2015;
{¶ 6} 3. To Farmers National Bank for checking account records for Donald R. Martin and/or Rhonda C. Martin from September 1, 2014 through December 31, 2015;
{¶ 7} 4. To Farmers National Bank for checking account records for Donal Enterprises, Inc. dba DM Enterprises, from December 1, 2013 through December 31, 2015.
{¶ 8} On April 19, 2017, Appellee filed a motion to quash the subpoena to Huntington National Bank, claiming that the records sought were personal and private and disclosure should not be permitted. She also claimed that because she was no longer a party and because the statute of limitations had expired for any claims against her, the discovery of these records should not be permitted.
{¶ 9} On April 28, 2017, Appellant filed a memorandum opposing the motion to quash, contending that the records were discoverable pursuant to Civ.R. 69 and were a critical part of Appellant's effort to track the funds loaned to Donald R. Martin.
{¶ 10} An oral hearing regarding the motion to quash occurred on May 1, 2017, but the record does not contain a transcript of that hearing. On May 2, 2017, the trial court issued a Judgment Entry scheduling the final disposition of the pending motion and granted leave to Appellee to *1078 file a Reply Memorandum on or before 4:30 pm on May 19, 2017.
{¶ 11} On May 24, 2017, the trial court sustained Appellee's Motion and issued an entry quashing the subpoena to Huntington National Bank. The Court found:
...that after thorough consideration of the legal positions of Plaintiff and former party Rhonda C. Martin pertaining to the 4/4/2017 subpoena filed by plaintiff seeking the personal checking account records of former party Rhonda C. Martin at the Huntington National Bank, the 4/19/2017 motion to quash subpoena should be granted.
{¶ 12} From this Judgment Entry, Appellant, Sugarcreek Amish Tours, Inc., appeals and submits a single assignment of error:
ASSIGNMENT OF ERROR
{¶ 13} THE TRIAL COURT ERRED IN QUASHING APPELLANT'S APRIL 4, 2017, SUBPOENA ISSUED TO HUNTINGTON NATIONAL BANK FOR RHONDA C. MARTIN'S CHECKING ACCOUNT RECORDS.
STANDARD OF REVIEW
{¶ 14} This Court's standard of review of a trial court's decision on a motion to quash a subpoena is the abuse of discretion standard. State ex rel. The V. Companies v. Marshall , 81 Ohio St.3d 467, 692 N.E.2d 198 (1998). The Supreme Court of Ohio has held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore , 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). When applying this abuse of discretion standard, this court may not substitute our judgment for that of the trial court. Pons v. Ohio State Med. Board , 66 Ohio St.3d 619, 614 N.E.2d 748 (1993).
{¶ 15} "Decisions are unreasonable if they are not supported by a sound reasoning process." AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp., 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "The term "arbitrary," in this context, means without adequate determining principle and governed by no fixed rules or standard. See Sandusky Properties v. Aveni, 15 Ohio St.3d 273, 275, 15 OBR 408, 409-410, 473 N.E.2d 798, 800-801 (1984)." D.G.M., Inc. v. Cremeans Concrete & Supply Co. , 111 Ohio App.3d 134, 141, 675 N.E.2d 1263 (4th Dist.1996). With these definitions in mind, we review the record to determine if the trial court abused its discretion.
{¶ 16} Appellant issued several subpoenas as a part of its effort to collect a judgment of over four million dollars against Donald R. Martin. Civ.R. 69 specifically authorizes the issuance of the subpoenas to discover information in aid of execution. That rule states in relevant part that "[i]n aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules." Appellee does not contend that this rule does not apply to Appellant's efforts.
{¶ 17} Appellee argues that because she is no longer a party to the lawsuit and because any claim against her is barred by the applicable statute of limitations, Appellant must not be permitted to obtain her checking account records from Huntington National Bank. Appellee cites no authority for her position.
{¶ 18} The Civil Rules do not support Appellee's limitations on Appellant's ability to obtain information. "[T]he scope of discovery is broad and includes "* * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery *1079 or to the claim or defense of any other party * * *." In re Estate of Geneva , 5th Dist. Tuscarawas No. 2016 AP 02 0013, 2016-Ohio-5382, 2016 WL 4362862, ¶ 15, appeal not allowed, 148 Ohio St.3d 1411, 2017-Ohio-573, 69 N.E.3d 751, ¶ 15. Further, we have addressed a similar situation and found that:
The plain language of Civ.R. 69 clearly permits discovery, from any person, in aid of executing on a judgment and is not limited to the judgment debtor. Therefore, the fact that Whitey's, Inc. and TFS Management, Inc. were not parties to the litigation does not exempt these entities from discovery under Civ.R. 69. Also, the fact that Appellant Schluter was found not personally liable for the acts of Whitey's, Inc. of Shelby is also irrelevant for purposes of discovery under this rule.
Schluter v. PSL Motors, Inc., 5th Dist. Richland No. 99 CA 67, 2000 WL 964965, *2 (Jun. 29, 2000).
{¶ 19} Further, "This Court has previously held that Civil Rule 45 allows subpoenas to be issued to nonparties." In re Estate of Geneva, supra , at ¶ 16.
{¶ 20} Consequently, we find that Appellee's argument regarding the statute of limitations and her status as a non-party are irrelevant and cannot serve as a basis for the trial court to quash the subpoena.
{¶ 21} The trial court did not describe its analysis of the facts before it or how it came to its decision to quash the subpoena. For that reason, we have reviewed the record and considered the application of the requirements of Civ.R. 45 to determine if there is any reasonable, non-arbitrary support for the trial court's holding.
{¶ 22} The grounds for quashing a subpoena are described in Civ.R. 45(C) :
(3) On timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena does any of the following:
(a) Fails to allow reasonable time to comply;
(b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies;
(c) Requires disclosure of a fact known or opinion held by an expert not retained or specially employed by any party in anticipation of litigation or preparation for trial as described by Civ.R. 26(B)(5), if the fact or opinion does not describe specific events or occurrences in dispute and results from study by that expert that was not made at the request of any party;
(d) Subjects a person to undue burden.
{¶ 23} Appellee cites Civ.R. 45 as grounds for her motion, but she does not argue that she was not allowed reasonable time to comply with the subpoena or that the subpoena is related to facts or opinions held by an expert. She cannot argue that it subjects her to an undue burden because the subpoena was not issued to her, but was directed to Huntington National Bank who would be obligated to collate and provide the records at Appellant's cost ( R.C. 9.02 ). The only possible basis for quashing the subpoena pursuant to Civ.R. 45 is that it seeks production of "privileged or otherwise protected matter and no exception or waiver applies."
{¶ 24} Generally, "[t]he burden to show that testimony or documents are confidential or privileged is on the party seeking to exclude the material." Grace v. Mastruserio , 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608, ¶ 19 (1st Dist.), citing Lemley v. Kaiser , 6 Ohio St.3d 258, 263-264, 452 N.E.2d 1304 (1983).
*1080 {¶ 25} Appellee asserts that the information is private and confidential but offered no authority to establish that the information sought by the subpoena was "privileged or otherwise protected." Neither the Revised Code nor any relevant case law supports a finding that bank records are privileged and nothing within the case record shows that they are otherwise protected. Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd. , 8th Dist. Cuyahoga No. 97114, 2012-Ohio-493, 2012 WL 425871, ¶ 10.
{¶ 26} Further, these records are likely to lead to the discovery of admissible evidence. Appellant holds a judgment in excess of four million dollars against Appellee's former spouse. Appellee signed two checks sent to Appellant in payment of that debt in the amounts of $100,000.00 and $300,000.00 and finally, Appellee has been the subject of litigation by one of the parties in this action in which it was alleged that loan proceeds were transferred to her. (Trial Brief of Defendant, Donal Enterprises, Inc., page 1-2, filed in this case on March 1, 2017). Under the circumstances, it is likely the records will provide some relevant information regarding disposition of loan proceeds or other relevant evidence. The fact that she is no longer a party and may be protected from claims by the statute of limitations is irrelevant and shall not be used as a shield to prevent Appellant from exhausting options to track the funds loaned to Donald R. Martin.
{¶ 27} The trial court considered this record and quashed the subpoena without memorializing its reasoning process or citing the rule or determining principle that supported its conclusion. Since the trial court did not give a reason for granting the motion, and we find no support for granting it, we hold that the court abused its discretion. Jamestown Village Condo. Owners Assn. v. Mkt. Media Research, Inc. , 96 Ohio App.3d 678, 695, 645 N.E.2d 1265 (8th Dist.1994).
{¶ 28} Consequently, the decision of the Tuscarawas Court of Common Pleas is reversed and this matter is remanded to the Court for further proceedings consistent with this decision.
{¶ 29} Costs are assessed to Appellee.
John Wise, P.J., and Earle Wise, J., concur.