[Cite as *HDDA, L.L.C. v. Vasani*, 2025-Ohio-2000.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HDDA, LLC, | : | |
| Creditor-Appellee, | : | No. 24AP-516 |
| | | (C.P.C. No. 22JG-91491) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Abhijit S. Vasani et al., | : | |
| Debtors-Appellants. | : | |
| HDDA, LLC, | : | |
| Creditor-Appellee, | : | No. 24AP-517 |
| | | (C.P.C. No. 22JG-91455) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Abhijit S. Vasani et al., | : | |
| Debtors-Appellants. | : | |

D E C I S I O N

Rendered on June 5, 2025

**On brief:** *Thompson Hine LLP, John B. Kopf, Sean A. Gordon*, and *Jack M. D'Andrea*, for appellee. **Argued:** *John B. Kopf.*

**On brief:** *Doucet Co., LPA*, and *Troy J. Doucet*; *Allen Stovall Neuman Fisher & Ashton LLP, James A. Coutinho*, and *Andrew D. Rebholz*, for appellants. **Argued:** *Troy J. Doucet.*

APPEALS from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Debtors-appellants, Abhijit S. Vasani and Bhavna A. Vasani (collectively "the Vasanis"), appeal from a decision and entry of the Franklin County Court of Common Pleas, denying the motions to quash and for protective order filed by the Vasanis and nine non-

party limited liability companies, and granting the motions to compel filed by creditor-appellee, HDDA, LLC ("HDDA").  For the following reasons, we affirm.

## I.  Facts and Procedural History

{¶ 2}   In December 2022, HDDA initiated this matter to domesticate and enforce judgments it obtained against the Vasanis in Georgia.  The Vasanis moved to quash the filing and execution of HDDA's foreign judgments.  The trial court denied the motion to quash.  The Vasanis appealed from this judgment, and this court affirmed in March 2024.  *HDDA, L.L.C. v. Vasani*, 2024-Ohio-822 (10th Dist.).  During the pendency of the appeal, HDDA, seeking financial information related to the Vasanis, served a series of subpoenas on the following limited liability companies: S & G Hospitality Group, LLC; Synergy Hotels, LLC; Innivite Hospitality Group, LLC; Hilliard Hotels, LLC; Elite Hospitality, LLC; Welcome Group, LLC; Hamilton Hotels, LLC; Airport Hospitality, LLC; and SMV Hotels, LLC (collectively "the limited liability companies").  HDDA also served subpoenas on Clark, Hackett, Schaeffer & Co., Contemporary Business Solutions, Inc., and InnVite Opco, Inc.  The Vasanis, the limited liability companies, and InnVite Opco, Inc. filed motions to quash the subpoenas issued to all the non-party business entities and for a protective order.  HDDA filed motions to compel compliance with the subpoenas.  In July 2024, the trial court denied the motions to quash and for protective order, and granted the motions to compel.  Consequently, the trial court ordered the Vasanis and the non-party businesses to comply with the issued subpoenas pursuant to a timetable set forth in its decision and entry.  The Vasanis appeal from that decision.

## II.  Assignments of Error

{¶ 3}   The Vasanis assign the following two assignments of error for our review:

[I.] The Court erred by ruling that Plaintiff/Creditor HDDA, LLC, is entitled to discovery of documents from limited liability companies of which Defendants/Debtors are only members.

[II.] The Court erred by ruling that Plaintiff/Creditor HDDA, LLC, is entitled to discovery of documents from limited liability companies where such discovery presents an undue burden on Defendants/Debtors.

### III. Discussion

{¶ 4} Because they involve interrelated issues, we address together the Vasanis' first and second assignments of error. The Vasanis' first assignment of error alleges the trial court erred in compelling the limited liability companies to comply with the subpoenas and produce the requested documents because the Vasanis are "only members" of those companies. And in their second assignment of error, the Vasanis argue the trial court also erred in compelling this discovery because the trial court's order imposes an undue burden on them. Viewed together, we construe these assignments of error to allege the trial court erred in denying their motions to quash and for protective order, and in granting HDDA's motions to compel.[1] These assignments of error are not well-taken.

{¶ 5} A trial court holds broad discretion over discovery matters. *Miller v. NWD 355 McConnell, L.L.C.*, 2023-Ohio-3374, ¶ 14 (10th Dist.). Generally, "an appellate court reviews a trial court's ruling to quash or enforce a subpoena under an abuse-of-discretion standard." *Evans v. Ohio Dept. of Rehab. & Corr.*, 2018-Ohio-1035, ¶ 12 (10th Dist.), citing *Bell v. Nichols*, 2013-Ohio-2559, ¶ 36 (10th Dist.). Similarly, a decision on "a motion for a protective order pursuant to Civ.R. 26(C) [is] . . . an exercise by the court of the discretion vested in it by Civ.R. 26(C)." *Ruwe v. Bd. of Twp. Trustees of Springfield Twp.*, 29 Ohio St.3d 59, 61 (1987). Thus, "[a]bsent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues." *Evans* at ¶ 12, citing *Bd. of Clark Cty. Commrs. v. Newberry*, 2002-Ohio-6087, ¶ 13 (2d Dist.). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 6} This matter centers on HDDA's issuance of subpoenas to the non-party limited liability companies. Civ.R. 69 permits a judgment creditor to obtain discovery in aid of execution of a judgment. This rule states in part: "In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may

---

[1] Because the Vasanis' assignments of error only relate to the trial court judgment insofar as it concerns the subpoenas issued to the limited liability companies, our review is limited to addressing alleged trial court error relating to those subpoenas. Pursuant to App.R. 12(A)(1)(b), appellate courts must "determine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16. Thus, this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 2010-Ohio-553, ¶ 70 (10th Dist.), citing *In re Estate of Taris*, 2005-Ohio-1516, ¶ 5 (10th Dist.). Therefore, the subpoenas issued to the other business entities are not at issue in this appeal.

also obtain discovery from any person, including the judgment debtor, in the manner provided in these rules." Civ.R. 69. This broad language permits subpoenas to be issued to non-parties. *See Sugarcreek Amish Tours, Inc. v. Martin*, 2017-Ohio-9364, ¶ 20 (5th Dist.) (non-party status not a basis to quash a subpoena); *Ohio Dept. of Taxation v. Mason*, 2016-Ohio-1289, ¶ 13-14 (12th Dist.) (judgment creditor may obtain discovery through the use of all discovery devices set forth in the civil rules); *Gordon Constr., Inc. v. Peterbilt of Cincinnati, Inc.*, 2004-Ohio-6662, ¶ 8 (12th Dist.) ("Under the broad language of Civ.R. 69, a judgment creditor may use all the discovery devices set forth in Civ.R. 29 through 36 and Civ.R. 45 to obtain discovery from any person in order to discover property subject to execution.").

**{¶ 7}** Civ.R. 45 governs the issuance of subpoenas, and it permits a party to issue a subpoena to compel a non-party to produce or permit inspection of designated documents. Civ.R. 45(A)(b)(iv). "The purpose of a subpoena . . . is to elicit information from individuals and organizations who are not involved in the lawsuit." *In re Disinterment of Glass*, 2022-Ohio-28, ¶ 59 (2d Dist.). *See HRM, L.L.C. v. Shopsmith, Inc.*, 2013-Ohio-3276, ¶ 17 (2d Dist.) (subpoena is a proper means to obtain documentation from non-parties). *See* Civ.R. 34(C) ("Subject to the scope of discovery provisions of Civ.R. 26(B) [discussed below] and 45(F) [which excludes discovery of privileged information], a person not a party to the action may be compelled to produce documents, electronically stored information or tangible things or to submit to an inspection as provided in Civ.R. 45.").

**{¶ 8}** "Civ.R. 45 also provides protection to nonparties, by letting them file motions to quash or modify subpoenas based on matters like privilege, undue burden, failure to allow adequate response time, or disclosure of facts or opinions of experts retained in anticipation of litigation." *In re Disinterment of Glass* at ¶ 60, citing Civ.R. 45(C)(3)(a) through (d). Under Civ.R. 45(C)(4)(d), a court generally shall quash or modify a subpoena if it subjects a person to undue burden, which the movant bears the initial burden of establishing. *Future Communications, Inc. v. Hightower*, 2002-Ohio-2245, ¶ 17 (10th Dist.). A motion filed pursuant to Civ.R. 45(C)(4)(d) "shall be supported by an affidavit of the subpoenaed person or a certificate of that person's attorney of the efforts made to resolve any claim of undue burden." Civ.R. 45(C)(5). If a movant satisfies the initial hurdle of demonstrating an undue burden, "the court shall quash or modify the subpoena unless

the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated." Civ.R. 45(C)(6). Thus, even if a party shows an undue burden, a trial court may nonetheless refuse to quash or modify a subpoena if the party seeking the discovery shows a substantial need for the information that cannot be obtained without imposing undue hardship on the party being subpoenaed. *In re Estate of Geneva*, 2016-Ohio-5382, ¶ 18 (5th Dist.).

{¶ 9} A subpoena issued to a non-party under Civ.R. 45 is subject to the scope of discovery limitations as defined by Civ.R. 26(B). *Gangale v. Coyne*, 2022-Ohio-196, ¶ 25 (8th Dist.). Pursuant to Civ.R. 26(B)(1), "[u]nless otherwise limited by court order[,]" parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* at ¶ 26. The standard used to determine relevancy for this purpose "is much broader than the test to be utilized at trial. It is only irrelevant by the discovery test when the information sought will not reasonably lead to the discovery of admissible evidence." (Internal quotation marks deleted and citation omitted.) *Roty v. Battelle Mem. Inst.*, 2017-Ohio-9125, ¶ 10 (10th Dist.). Additionally, Civ.R. 26(C) permits a trial court to issue protective orders limiting discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This authority enables a trial court to prevent discovery abuse. *Cirotto v. Am. Self Storage of Pickerington*, 2025-Ohio-1670, ¶ 59 (10th Dist.).

{¶ 10} Here, the trial court found that the limited liability companies did not sufficiently support their allegation that the subpoenas present an undue burden, and, as an alternative basis to deny the challenge to the subpoenas, that HDDA demonstrated a substantial need for the discovery. In addressing the undue burden assertion, the trial court found that the affidavit of Abhijit Vasani submitted in support of this assertion was only submitted on his own behalf, personally, not on behalf of the limited liability companies. Additionally, in reaching its substantial need finding, the trial court particularly noted that the evidence presented to it raised questions about the comingling of personal funds with non-party business assets. Therefore, it denied the Vasanis' motions to quash the subpoenas and for a protective order, and it granted HDDA's motions to compel

compliance with those subpoenas. In challenging the trial court's discovery rulings, the Vasanis acknowledge HDDA may obtain information via discovery in aid of execution of a judgment. But they argue discovery of documents from the limited liability companies is improper because they are "only members" of those companies. Relatedly, the Vasanis argue Ohio law limits HDDA's remedy against a limited liability company to a charging order, and, therefore, acquisition of the requested documents and information would be unproductive to aid in the execution of the judgments against them. They also argue HDDA is not entitled to those documents because the expansive discovery required by the subpoenas imposes an undue burden on them, is unnecessary because they have already provided all relevant information, and is otherwise irrelevant to execution of the judgments.

{¶ 11} We first address the Vasanis' argument concerning their status as "only members" of the limited liability companies. The Vasanis do not develop this argument and explain why their status should limit the discovery. Regardless, insofar as they contend it was improper for HDDA to subpoena the limited liability companies because the judgments at issue do not involve those entities, or because the Vasanis' status as members of these entities does not, by itself, permit these entities to be subpoenaed in furtherance of collection efforts against them, these arguments are unpersuasive. As set forth above, pursuant to Civ.R. 45, a party can subpoena a non-party to produce relevant documents and information. *See* Civ.R. 45(A)(b)(iv); *In re Disinterment of Glass*, 2022-Ohio-28, at ¶ 59 (2d Dist.).

{¶ 12} We also reject the Vasanis' charging order argument. A charging order is "a remedy available to judgment creditors by virtue of a previously entered judgment in the creditor's favor." *Berns Custom Homes, Inc. v. Johnson*, 2021-Ohio-3033, ¶ 22 (8th Dist.). "A charging order is a judgment creditor's sole and exclusive remedy to satisfy a judgment against the membership interest of a limited liability company member." *Knollman-Wade Holdings, L.L.C. v. Platinum Ridge Properties, L.L.C.*, 2015-Ohio-1619, ¶ 8 (10th Dist.), citing former R.C. 1705.19(B). *See* R.C. 1706.342(F) ("This section provides the sole and exclusive remedy by which a judgment creditor of a member or assignee may satisfy a judgment out of the judgment debtor's membership interest, and the judgment creditor shall have no right to foreclose, under this chapter or any other law, upon the charging order, the charging order lien, or the judgment debtor's membership interest.").

{¶ 13} The Vasanis contend that because a charging order would only give HDDA the right to receive distributions from the limited liability companies to which the Vasanis, who hold membership interests in these entities, would be entitled, the limited liability companies should not be required to produce the documents and information. Although a charging order is the sole means to satisfy a judgment against the membership interest of a limited liability company member, *see* R.C. 1706.342, the subpoenas were not issued to execute on the Vasanis' membership interests in the limited liability companies. Instead, the subpoenas were issued to obtain information relevant as to whether the Vasanis had comingled personal assets with business assets to hide or conceal those personal assets. As discussed above, Civ.R. 69 authorizes the issuance of subpoenas to non-parties to obtain discovery in aid of execution of a judgment, and no language in R.C. 1706.342 limits HDDA's right to use this discovery device to obtain pertinent financial information as argued by the Vasanis. Thus, the Vasanis' charging order argument lacks merit.

{¶ 14} Lastly, we are unpersuaded by the Vasanis' argument concerning whether the subpoenas are unduly burdensome and seek documents and information unnecessary and irrelevant to HDDA's collection efforts against the Vasanis. The trial court was unconvinced that the affidavit submitted in support of this contention satisfied the Vasanis' initial burden. The affidavit indicates that Abhijit Vasani has an ownership interest in the limited liability companies, and broadly asserts that compliance with the document requests would require extensive time and resources, possibly disrupting normal business operations. But the affidavit lacks specific, concrete facts to establish that compliance would in fact impose an undue burden on the limited liability companies. Broad statements regarding effort and expense resulting from compliance with a subpoena are insufficient to demonstrate an undue burden. *Future Communications*, *Inc.*, 2002-Ohio-2245, at ¶ 17 (10th Dist.). The trial court also found that the affidavit was unclear as to whether Abhijit Vasani signed it as an authorized representative and on behalf of the limited liability companies. This finding was reasonable as Abhijit Vasani did not expressly attest in the affidavit that he was signing it in his capacity as a member of the limited liability companies or with their express authority. Thus, Abhijit Vasani's broad, unsupported statements made in his apparent personal capacity were insufficient to meet the initial burden in seeking a protective order.

{¶ 15} Moreover, even if the Vasanis met their initial burden of establishing that the subpoenas presented an undue burden, HDDA has reasonably demonstrated that it has a substantial need for this discovery that cannot be met without causing undue hardship (for which the subpoenaed non-parties must be reasonably compensated). The Vasanis do not dispute that (1) they have ownership interests in these limited liability companies, (2) that the information previously provided to HDDA indicates that their personal funds had been comingled with the limited liability companies' funds, or (3) that the additional documents and information sought by HDDA have not been provided. These facts reasonably call into question whether the Vasanis have improperly hidden or concealed their personal assets in the limited liability companies to shield those assets from collection by HDDA. As the trial court found, the discovery at issue here is likely to answer this question.

{¶ 16} For these reasons, we conclude the trial court did not abuse its discretion in denying the motions to quash and for protective order, or in granting the motions to compel. Accordingly, we overrule both of the Vasanis' assignments of error.

## IV. Disposition

{¶ 17} Having overruled both of the Vasanis' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON, P.J., and EDELSTEIN, J., concur.

———————————